578 A.2d 1384

**Anthony E. MOONEY (A Minor) by Thomas D. MOONEY, Sr. (His Guardian), Appellant,**

v.

**COMMONWEALTH of Pennsylvania, BOROUGH OF WEST MIFFLIN, Officer J.C. Sotak, Richard D. Olasz, Jr., Irene Parkinson, Pete Richards, Raymond L. Scheib et al., Appellees.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 23, 1990.

Decided Aug. 30, 1990.

Anthony E. Mooney, pro se, with Thomas D. Mooney, Sr., his Guardian.

Larry P. Gaitens, Gaitens, Tucceri & Nicholas, P.C., for appellees, Borough of West Mifflin, Officer J.C. Sotak, Irene Parkinson and Pete Richards.

Nancy E. Stark, with her, Charles W. Johns, for appellees, Dist. Justice Richard D. Olasz, Jr., and Raymond L. Scheib.

Before DOYLE and COLINS, JJ., and BARRY, Senior Judge.

COLINS, Judge.

Anthony E. Mooney (Anthony), a minor, by his guardian, Thomas D. Mooney, Sr. (Thomas),[1] appeals from an order of the Court of Common Pleas of Allegheny County (trial court) granting the preliminary objections of the Borough of West Mifflin, Officer J.C. Sotak, Richard D. Olasz, Jr., Irene Parkinson, and Pete Richards (appellees collectively) and dismissing Anthony's complaint. We affirm.

On November 18, 1988, Anthony was arrested by appellee, Officer Sotak, for underage drinking. He was found guilty of a summary offense and subsequently filed an appeal. Neither the record nor the briefs in the instant matter give an indication as to the disposition of this appeal.

---

1. All pleadings prior to the amended complaint list Anthony E. Mooney as the plaintiff proceeding *pro se* and do not note his minority. The amended complaint is the first pleading which contains Thomas A. Mooney, Sr., as guardian. It is asserted that Judge Horgos appointed Thomas as Anthony's guardian, but the record contains no petition or order providing for this appointment.

■ On May 9, 1989, Anthony filed the within civil action, alleging false arrest and conspiracy. Also, on May 9, 1988, Judge Horgos of the Court of Common Pleas of Allegheny County ordered that Anthony be permitted to pursue the civil action *in forma pauperis.* Service of the complaint to each appellee was made by certified mail. The record contains no return of service of the complaint on any appellee. Appellees filed preliminary objections citing improper service of initial process in violation of Pa.R.C.P. No. 400. Judge Silvestri of the Court of Common Pleas of Allegheny County entertained argument on appellees' preliminary objections in chambers on June 20, 1989. According to affidavits filed by Judge Silvestri and the two attorneys representing some of the appellees, no information was provided at the hearing with regard to Anthony's proceeding *in forma pauperis.* Furthermore, no request was made of Judge Silvestri to waive the costs and fees for service by the sheriff. In an attempt to cure the improper service, an amended complaint was handed to Judge Silvestri and to the two attorneys present at the hearing. The trial court's resulting order, which granted the preliminary objections and dismissed the complaints as to any defendants, was appealed to this Court.[2]

■ Among the issues raised are questions concerning whether the original complaint was properly served and, if not, whether the amended complaint cured the defect. Since we conclude that the trial court was correct in finding that proper service was not effectuated nor was it cured by the amended complaint, we shall not address the other issues raised.

Pa.R.C.P. No. 400 states in pertinent part that: "(a) Except as provided in subdivisions (b) and (c), original process shall be served within the Commonwealth only by the sheriff." The Supreme Court in *Sharp v. Valley Forge*

2. When a trial court sustains preliminary objections, our scope of review is limited to determining whether the findings of fact are supported by competent evidence or an error of law has been committed. *Merrick Appeal,* 68 Pa.Commonwealth Ct. 506, 449 A.2d 820 (1982).

*Medical Center and Heart Hospital, Inc.*, 422 Pa. 124, 221 A.2d 185 (1966), stated that the requirements of the Pennsylvania Rules of Civil Procedure govern validity of service and that these rules must be strictly followed. The court also held that jurisdiction over the person by a court is dependent upon proper service having been made. *Id. See also City of Philadelphia v. Davis*, 30 Pa.Commonwealth Ct. 34, 373 A.2d 1154 (1977).

In the Explanatory Comment—1985 preceding Pa.R.C.P. No. 400, the committee sheds some light on its intent concerning the issue of proper service of original process. The Comment states in pertinent part:

> When these amendments were published as Recommendation No. 69, the recommendation proposed to extend the right of service by competent adult and by mail to all actions whether within or outside the Commonwealth. These proposals, however, *have not been adopted* and are not a part of the present amendments, and the right of service by competent adult and by mail is restricted to those situations where it was previously permitted.[3] (Emphasis added.)

■ Anthony argues that his complaint should not have been dismissed because he had been granted permission to proceed *in forma pauperis* pursuant to Pa.R.C.P. No. 240. Pa.R.C.P. No. 240(f) states that:

> (f) A party permitted to proceed in forma pauperis shall not be required to
>
> (1) pay any cost or fee imposed or authorized by Act of Assembly or general rule which is payable to any court or prothonotary or any public officer or employee, or
>
> (2) post bond or other security for costs as a condition for commencing an action or taking an appeal.

The granting of a petition to proceed *in forma pauperis* does not exempt a person from following the Rules of Civil Procedure concerning service of process. If the complaint

---

**3.** The instant action does not fall within any of the exceptions that allow for service of original process by any other method than by a sheriff pursuant to Pa.R.C.P. No. 400(a).

had been presented to the sheriff accompanied with the court order allowing Anthony to proceed *in forma pauperis*, the sheriff would have been obliged to serve the complaint and waive all fees. Anthony did not need another *in forma pauperis* order from Judge Silvestri.

As to the filing of an amended complaint, the procedure is governed by Pa.R.C.P. No. 1028, which states in pertinent part:

(c) A party may file an amended pleading as of course within ten (10) days after service of a copy of preliminary objections. The court shall determine promptly all preliminary objections. If an issue of fact is raised, the court shall take evidence by depositions or otherwise.

The sequence of events, as established by the record, again evidences that Anthony did not follow the Pennsylvania Rules of Civil Procedure. His amended complaint was filed on June 20, 1989 and served by handing the documents to two attorneys present at the hearing in Judge Silvestri's chambers. These two attorneys represented appellees whose preliminary objections had been filed more than ten days prior to the service of the amended complaint. No leave to amend the complaint had been granted and, therefore, the amended complaint did not cure the improper service of the original complaint. Although the preliminary objections filed by appellee, Officer Sotak, were filed on June 13, 1989, no proof of service of the amended complaint is contained within the record as to this appellee. Under these circumstances, Judge Silvestri found that the amended complaint did not cure the defects of service of the original complaint.

Accordingly, the trial court's order sustaining the preliminary objections and dismissing the complaints is affirmed.

## ORDER

AND NOW, this 30th day of August, 1990, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is affirmed.