**Wilmort FRAISAR, Appellant**

**v.**

**Frank D. GILLIS, Mary Hesler, Deputy Superintendent, Mr. Peazar, Pennsylvania Department of Correctional Physicians, PHS Health Service.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 23, 2005.

Decided Feb. 10, 2006.

Wilmort Fraisar, appellant, pro se.

William E. Fairall, Jr., Deputy Chief Counsel and Michael A. Farnan, Chief Counsel, Camp Hill, for appellees.

BEFORE: McGINLEY, Judge, and LEADBETTER, Judge, and JAMES R. KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Wilmort Fraisar, proceeding *pro se*, appeals from an order of the Court of Common Pleas of Northumberland County (trial court), which dismissed Fraisar's case for lack of jurisdiction. We affirm.

The facts of this case are as follows. Fraisar is an inmate in Pennsylvania's state correctional system. On August 30, 2004, while incarcerated at State Correctional Institution at Coal Township (SCI–Coal Township), Fraisar filed a civil complaint and a petition for injunctive relief with the trial court against the superintendent and deputy superintendent of SCI–Coal Township, as well as other Department of Corrections (Department) employees and Physician Health Service (PHS), a provider under contract with the Department (collectively, defendants).[1] Therein, Fraisar alleged that he was receiving inadequate medical care and sought to have the trial court order the defendants to provide him with leg braces and orthopedic shoes and to pay him compensatory and punitive damages. In the proof of service attached to the complaint, Fraisar stated that, because he was incarcerated, he was entrusting service of his complaint to the Clerk of Courts.

On October 7, 2004, Fraisar filed a petition for preliminary judgment, again entrusting the Clerk of Courts/Prothonotary to effect service for him. On October 18, 2004, Fraisar notified the trial court that his address had changed because he had been transferred to the State Correctional Institution at Fayette (SCI–Fayette) in Fayette County. A hearing on Fraisar's preliminary judgment request was scheduled for December 2, 2004, but no hearing was held. By order dated December 6,

1. This Court has held that a superintendent of a prison is not an "officer" of the state for purposes of invoking this Court's original jurisdiction. *Bass v. Cuyler*, 36 Pa.Cmwlth. 74, 387 A.2d 964, 965 (1978); *see* Section 761 of the Judicial Code, 42 Pa.C.S. § 761.

2004, the trial court dismissed Fraisar's case, *sua sponte,* upon concluding that since Fraisar had been transferred from SCI–Coal Township in Northumberland County to SCI–Fayette in Fayette County, the trial court no longer retained jurisdiction over Fraisar's claims. In the Pa. R.A.P.1925 statement that followed, the trial court augmented the rationale for dismissing Fraisar's case on the basis that Fraisar had never served the defendants. The trial court explained that it was not the job of court functionaries to "act as an attorney for the Plaintiff" and that the trial court is "not responsible for bringing the Plaintiff's suit into compliance with the rules of civil procedure"; the "burden to comply with all procedural rules lies with the Plaintiff, who chose to initiate the suit, *pro se.*"

From this decision, Fraisar files the instant appeal.[2] Fraisar raises the following issues for our review:

1. Whether the trial court has a duty to inform Fraisar, a *pro se* plaintiff, of the things a trial court could not do, and give him the opportunity to correct claim defects.
2. Whether the trial court had a duty to inform Fraisar of the function of the court.
3. Whether the trial court has jurisdiction over a personal injury matter.
4. Whether Fraisar should be allowed to amend his complaint where no pleading is made.[3]

Fraisar contends that the trial court had a duty to accomplish service for him or to advise Fraisar that it would not and give him the opportunity to do so. We disagree.

This Court is not aware of, nor has Fraisar cited, any authority for his contention that court functionaries are required to accomplish service for a *pro se* litigant or explain to a litigant requesting such assistance that it does not perform the same. To the contrary, our United States Supreme Court has opined, in the criminal context of habeas corpus, that "[a] defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure" and that "the Constitution [does not] require judges to take over chores for a pro se defendant that would normally be attended to by trained counsel as a matter of course." *McKaskle v. Wiggins,* 465 U.S. 168, 183– 184, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984); *see Martinez v. Court of Appeal of California, Fourth Appellate District,* 528 U.S. 152, 162, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000) ("[T]he trial judge is under no duty to provide personal instruction on courtroom procedure or to perform any legal 'chores' for the defendant that counsel would normally carry out."). Requiring trial courts to advise a *pro se* litigant in such a manner would undermine the court's role as an impartial decision maker. *See Pliler v. Ford,* 542 U.S. 225, 231, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004) (concluding that district judges have no obligation to act as counsel or paralegal to pro se litigants, noting that being too proactive on the pro se litigant's behalf can undermine a judge's role as an impartial decision maker). The same certainly applies in the civil context.

A court must remain neutral and cannot act as the attorney for *pro se* litigants or

---

**2.** Our scope of review of a trial court's decision is limited to determining whether constitutional rights have been violated, or whether the trial court abused its discretion or committed an error of law. *Grosso v. Love,* 667 A.2d 43 (Pa.Cmwlth.1995).

**3.** We have renumbered the issues raised by Fraisar in this appeal for ease of discussion.

be responsible for bringing a litigant's suit into compliance with the rules of civil procedure. As the trial court in this matter aptly noted, the burden to comply with all procedural rules lies with the plaintiff who chose to initiate the suit, *pro se*.[4] For these reasons, we conclude that the trial court had no duty to effect service for Fraisar or to otherwise notify Fraisar that it would not effect service on his behalf.

Fraisar further contends that the trial court improperly dismissed his case for lack of jurisdiction. We disagree.

▮ Before a court may determine a legal action, it must possess both subject-matter jurisdiction and jurisdiction of the person. *Slezynger v. Bischak*, 224 Pa.Super. 552, 307 A.2d 405 (1973). Jurisdiction of subject matter relates to the competency of a court to hear and determine controversies of the general nature of the matter involved, while jurisdiction of the person is ordinarily acquired by service upon such person of the court's process within the territorial limits of its authority. *McGinley v. Scott*, 401 Pa. 310, 164 A.2d 424 (1960). Proper service is a prerequisite to a court acquiring personal jurisdiction over a defendant. *Cintas Corporation v. Lee's Cleaning Services, Inc.*, 549 Pa. 84, 700 A.2d 915 (1997), *see Sharp v. Valley Forge Medical Center & Heart Hospital, Inc.*, 422 Pa. 124, 221 A.2d 185 (1966) (Jurisdiction of the court over the person of the defendant is dependent upon proper service having been made.).

The rules governing service of original process to ensure notice are set forth at Pa. R.C.P. Nos. 400–430. Rule 400 designates who may make service; Rule 401 provides for time for service; and Rule 402 provides for the manner of service. Rule 400 provides that original process shall be served within the Commonwealth only by the sheriff with limited exceptions, not applicable here. Rule 401(a) provides original process shall be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint. If service within the Commonwealth is not made within the time prescribed by 401(a), the prothonotary upon praecipe and upon presentation of the original process, shall continue its validity by reissuing the writ or reinstating the complaint, by writing thereon "reissued" in the case of a writ or "reinstated" in the case of a complaint. Pa. R.C.P. No. 401(b). A writ may be reissued or a complaint reinstated at any time and any number of times. *Id.* Rule 402 requires original process to be hand-delivered.

For years, strict compliance with the rules pertaining to service was required for a case to proceed. *See Sharp; Beglin v. Stratton*, 816 A.2d 370 (Pa.Cmwlth.2003) (Procedural rules relating to service of process must be strictly followed because jurisdiction of the person of the defendant cannot be obtained unless proper service is made.); *cf. Leidich v. Franklin*, 394 Pa.Super. 302, 575 A.2d 914, *petition for allowance of appeal denied*, 526 Pa. 636, 584 A.2d 319 (1990) (plaintiffs' initial pro-

---

4. It is well established that any lay person who chooses to represent himself in a legal proceeding must assume the risk that his lack of expertise and legal training may prove to be his undoing. *Griffith v. Workers' Compensation Appeal Board (New Holland North America, Inc.)*, 798 A.2d 324, 328 (Pa.Cmwlth. 2002); *City of Erie v. Stelmack*, 780 A.2d 824 (Pa.Cmwlth.2001); *Groch v. Unemployment Compensation Board of Review*, 81 Pa. Cmwlth. 26, 472 A.2d 286 (1984). While Fraisar sought appointment of counsel with the trial court and this Court, both requests were denied. *See Harris v. Pennsylvania Department of Corrections*, 714 A.2d 492 (Pa. Cmwlth.1998) (where life and liberty interests are not at stake, there is a heavy presumption against court-appointed counsel in civil matters, which is not easily overcome).

cedurally defective service was excused where the defendant had actual notice of the commencement of litigation and was not otherwise prejudiced). Failure to adhere to the rules of service often resulted in dismissal. *Beglin; Cahill v. Schults*, 434 Pa.Super. 332, 643 A.2d 121 (1994); *Teamann v. Zafris*, 811 A.2d 52 (Pa. Cmwlth.2002), *petition for allowance of appeal denied*, 574 Pa. 761, 831 A.2d 600 (2003).

Recently, our Supreme Court adopted a more flexible approach with regard to service of process. *McCreesh v. City of Philadelphia*, —— Pa. ——, 888 A.2d 664 (2005). In *McCreesh*, the Supreme Court addressed the issue of whether a plaintiff's claim will be dismissed where the plaintiff's initial attempts at service do not technically comply with the rules.[5] Therein, the plaintiff attempted service by sending the writ to the defendant by certified mail, which procedurally was not valid. Proper service, by hand delivery, was not effected until after the statute of limitations had expired. The Supreme Court determined that the plaintiff's technically deficient service by mail constituted a good faith effort at notice where the defendant had actual notice of the litigation and was not otherwise prejudiced. *McCreesh*. The Court held that dismissal is appropriate only if the plaintiff has demonstrated an intent to stall the judicial machinery or where failure to comply with the Rules of Civil Procedure has prejudiced the defendant. *Id.* The Court reasoned that this approach sufficiently protects defendants from defending against stale claims without the draconian action of dismissing claims based on technical failings that do not prejudice the defendant. *Id.*

■ Here, the trial court possessed subject matter jurisdiction as the alleged negligent conduct underlying Fraisar's action occurred within Northumberland County. Fraisar's subsequent transfer to Fayette County did not affect the trial court's jurisdiction over the subject matter. While the trial court possessed subject matter jurisdiction over Fraisar's claims, the trial court never obtained personal jurisdiction over the defendants because Fraisar failed to serve any of the defendants having imprudently left this task for the court functionaries. This case is distinguishable from *McCreesh* because no attempt at service was made, and Fraisar did not file a praecipe to reinstate his complaint. The *McCreesh* Court did not address the situation where, as here, a plaintiff never complies with the Rules of Civil Procedure relating to service. As a result, the trial court did not obtain personal jurisdiction over the defendants. We, therefore, conclude that the trial court properly dismissed Fraisar's action for lack of service.[6]

---

5. The Supreme Court granted review to clarify what constitutes a good faith effort by a plaintiff to effectuate notice to a defendant of the commencement of an action. The Court explained:

In the seminal case of *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976), this Court sought to end abuses of process by plaintiffs who tolled the statute of limitations by filing a writ of summons, had the writ repeatedly reissued, and deliberately failed to notify the defendant of the pending litigation. This process, while technically compliant with the Rules of Civil Procedure,

nonetheless defeated the purpose of the statute of limitations, which is to protect defendants from stale claims. Accordingly in Lamp, we held that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Id.* at 889.

*McCreesh*, —— Pa. at ——, 888 A.2d at 672.

6. Additionally, we note that once Fraisar was transferred to SCI–Fayette, and was no longer under the jurisdiction or care of the defendants, the special relief Fraisar sought from

 

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 10th day of February, 2006, the order of the Court of Common Pleas of Northumberland County, dated December 6, 2004, at CV–04–1389, is AFFIRMED.

defendants in his petition for injunctive relief could no longer be granted. Where no meaningful relief can be granted, a matter is properly dismissed as moot. *Scanlon v. Mount Union Area Board of School Directors*, 47 Pa. Cmwlth. 409, 408 A.2d 555 (1979), *aff'd*, 499 Pa. 215, 452 A.2d 1016 (1982). This Court can affirm on a basis different from that employed by the trial court provided the basis for our affirmation is clear on the record. *Rhoads v. Lancaster Parking Authority*, 103 Pa.Cmwlth. 303, 520 A.2d 122, *petition for allowance of appeal denied*, 515 Pa. 611, 529 A.2d 1084 (1987).