# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Williams, :
                   Appellant :
                         :
             v. : No. 568 C.D. 2017
                         : Submitted: July 14, 2017
Pennsylvania Department of :
Corrections at SCI-Forest and :
Globel Tel Link Corp. :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge[1]
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**               **FILED: February 28, 2018**

Kevin Williams (Appellant) appeals, pro se, from an order of the Court of Common Pleas of the 37th Judicial District (Forest County Branch) (common pleas), dated July 12, 2016, dismissing Appellant's complaint against the Pennsylvania Department of Corrections (DOC) at State Correctional Institution Forest (SCI-Forest) and Globel [sic] Tel Link Corp.[2] (GTL; collectively, Appellees) for lack of personal jurisdiction based on improper service of process. Upon review, we affirm.

Appellant, an inmate at SCI-Forest, filed with common pleas an action in replevin seeking to have DOC return to him his MP3 player. (Certified Record (C.R.) No. 1 at 3-5.) Appellant alleged that he had lawfully purchased an MP3 player

---

[1] This opinion was reassigned to the authoring Judge on January 2, 2018.

[2] GTL's name is, in fact, Global Tel Link Corp.

but, when it arrived at the prison, DOC confiscated it and told Appellant he had to exchange it for a GTL tablet, which, Appellant claims, is inferior to his MP3 player. (*Id.*)  Common pleas permitted Appellant to proceed *in forma pauperis*.  (C.R. No. 5.)  On February 17, 2016, Appellant allegedly mailed his civil complaint to Appellees by United States Postal Service (USPS) first-class mail.  (C.R. No. 1 at 6.)

On March 28, 2016, Appellant filed a Motion for Default Judgment, a Notice of Intention to Enter Judgment, and a Notice of Praecipe for Entry of Judgment of Non Pros for Failure to File a Complaint or by Default for Failure to Plead.  (C.R. Nos. 3-4.)  Attached to Appellant's Notice of Praecipe were two cash slips, one of which listed the Governor's Office of Chief Counsel and GTL, and their addresses, had the notation "civil complaint," and indicated that Appellant had purchased 70 cents of postage for each mailing of the complaint to the Governor's Office of Chief Counsel and GTL.  (C.R. No. 4 at 4.)  On April 4, 2016, and again on April 14, 2016, Appellant filed letters with the Prothonotary of common pleas, asking that his letters be treated as Motions for Judgment on the Pleadings since Appellees had not entered an appearance or filed responsive pleadings.  (C.R. Nos. 7-8.)

On April 20, 2016, common pleas, noting that Appellant had not properly served Appellees, ordered Appellant to serve them and to file proof thereof within 30 days.  (C.R. No. 9.)  If Appellant failed to file proof of service, common pleas warned, his complaint would be dismissed.  (*Id.*)

On July 12, 2016, since Appellant did not file proof of service, common pleas dismissed the complaint.  (C.R. No. 10.)  Following Appellant's filing of a notice of appeal,[3] common pleas explained in its opinion issued pursuant to Rule 1925(a) of

[3] Appellant filed his notice of appeal with the Superior Court, which Superior Court ordered transferred to this Court.

2

the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 1925(a), that Appellant did not comply with Rules 400 and 422 of the Pennsylvania Rules of Civil Procedure, Pa.R.C.P. Nos. 400 and 422, for service on DOC, nor with Rules 403 and 404 of the Pennsylvania Rules of Civil Procedure, Pa.R.C.P. Nos. 403 and 404, for service on GTL. (C.R. No. 15 at 4-5.) Since Appellant did not comply with the rules of service, common pleas concluded that it did not have personal jurisdiction over Appellees.

On appeal,[4] Appellant contends, as relevant, that an institutional cash slip is sufficient for proving service. Appellant notes that he was granted permission to proceed *in forma pauperis*, and, thus, he cannot be expected to pay for certified mail or hand delivery of process.

"Proper service is a prerequisite to a court acquiring personal jurisdiction over a defendant." *Fraisar v. Gillis*, 892 A.2d 74, 77 (Pa. Cmwlth. 2006). "[T]herefore, the rules concerning service of process must be strictly followed." *Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 917 (Pa. 1997). In order to effectuate service upon DOC, Appellant was required to have the sheriff serve original process upon DOC at its office[5] and "the office of the attorney general by handing a copy to the person in charge thereof." Pa.R.C.P. Nos. 400, 422(a). In order to effectuate service upon GTL, which, according to Appellant's institutional cash slip is a corporation with an address in Reston, Virginia, (C.R. No. 4 at 4), Appellant could serve GTL, among other ways, by mailing a copy of process to GTL "by any form of mail requiring a receipt signed by the defendant or his authorized agent."

---

[4] Our standard of review is limited to whether constitutional rights have been violated, or whether common pleas abused its discretion or committed an error of law. *Fraisar v. Gillis*, 892 A.2d 74, 76 n.2 (Pa. Cmwlth. 2006).

[5] Service of process shall be at either the principal office designated in 37 Pa. Code § 111.1(a), or the local office as designated in 37 Pa. Code § 111.4(c).

Pa.R.C.P. Nos. 403, 404; *see Reichert v. TRW, Inc.*, 561 A.2d 745, 750-52 (Pa. Super. 1989) (concluding that foreign corporations may be served pursuant to Pa.R.C.P. No. 403), *rev'd on other grounds*, 611 A.2d 1191 (Pa. 1992). Appellant, however, did not do either; instead, Appellant mailed the complaint to Appellees via USPS first-class mail. The fact that Appellant was granted permission to proceed *in forma pauperis* "does not exempt [him] from following the Rules of Civil Procedure concerning service of process." *Mooney by Mooney v. Commonwealth*, 578 A.2d 1384, 1386 (Pa. Cmwlth. 1990).[6] Because Appellant did not properly serve Appellees with process, common pleas did not acquire personal jurisdiction over them, and, thus, common pleas correctly dismissed Appellant's complaint.

Accordingly, we affirm the July 12, 2016 Order of common pleas.

**RENÉE COHN JUBELIRER,** Judge

---

[6] In *Mooney*, we noted that "[i]f the complaint had been presented to the sheriff accompanied with the court order allowing [plaintiff] to proceed *in forma pauperis*, the sheriff would have been obliged to serve the complaint and waive all fees." 578 A.2d at 1386. We also note that DOC policy permits an indigent inmate to "anticipate on his/her account, postage for legal mail . . . up to $10 per month." DC-ADM 803 § 1-B-2.a.(1), available at http://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/803%20Inmate%20Mail%20and%20Incoming%20Publications.pdf (last viewed Feb. 2, 2018.)

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Williams, : 
                  Appellant : 
          : 
         v. :   No. 568 C.D. 2017
          : 
Pennsylvania Department of : 
Corrections at SCI-Forest and : 
Globel Tel Link Corp. : 

## O R D E R

**NOW**, February 28, 2018, the July 12, 2016 Order of the Court of Common Pleas of the 37th Judicial District (Forest County Branch), entered in the above-captioned matter, is hereby **AFFIRMED**.

 

_____
**RENÉE COHN JUBELIRER,** Judge