IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steve A. Frempong,                              :
                                                :
                              Appellant         :
                                                :
              v.                                : No. 510 C.D. 2019
                                                : Submitted: January 24, 2020
Board of License and                            :
Inspection Review                               :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge[1]
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE J. ANDREW CROMPTON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                        FILED: March 24, 2021

              Steve A. Frempong (Frempong), *pro se*, appeals an order of the Court

of Common Pleas of Philadelphia County (trial court) dismissing his appeal of an

adjudication of the Board of License and Inspection Review (Board) for failure to

comply with the trial court's Case Management Order. Frempong contends that he

did comply with the Case Management Order. For the following reasons, we affirm.

              On October 30, 2018, the Board issued a notice of decision affirming

the City of Philadelphia (City) in Frempong's housing appeal case. Original Record

(O.R.) Item No. 2 at 2.[2] The notice of decision provided:

_____

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt
completed her term as President Judge.

[2] The record provides no indication of the underlying facts of the case. The City has
attached exhibits to its brief suggesting that the appeal involved safety code violations found by
**(Footnote continued on next page…)**

> In order to pursue your appeal [before the trial court], you must order the Notes of Testimony from your hearing before the . . . Board. To order the Notes of Testimony[,] you should contact Strehlow & Associates, the court reporting agency, at 215-504-4622. **Your appeal cannot proceed without the Notes of Testimony.**

*Id.* (emphasis in original).

On November 29, 2018, Frempong filed a statutory Notice of Appeal of the Board's decision with the trial court. O.R. Item No. 2 at 1. Also, on November 29, 2018, the trial court issued a Case Management Order. Reproduced Record (R.R.) at 4a-5a. The Case Management Order states, in relevant part:

> 3. Scheduling: If this appeal is not disposed of within sixty (60) days of the date on this order, the [trial] court will enter a scheduling order that sets a date for the appeal or events leading to its completion.
>
> 4. Notes of Testimony: *You are required to obtain a copy of the hearing transcript or certified record if applicable from the agency once a scheduling order is issued. Appellant must order a transcript of the proceedings by serving the stenographer with a copy of the Notice of Appeal and paying the stenographer for the cost of producing the notes.* The stenographer must then transcribe the notes of testimony, file the original notes with the appropriate agency[,] and deliver a copy of the notes to appellant within thirty (30) days. Failure to order the transcript will result in the dismissal of the appeal absent good cause shown.
>
> *Note: The appellant shall incur any cost associated with obtaining hearing transcripts.*

---

the Department of Licenses and Inspections at 5800 N. 17th Street, Philadelphia, Pennsylvania, 19141. The City further suggests that the case was properly dismissed because Frempong never owned the property at issue and that the violations at the property have been satisfactorily remedied by the actual owner. None of these factual claims are part of the record, nor have they been raised before us in this appeal. As such, they will not be considered.

*Id.* at 5a (emphasis in original). On January 18, 2019, the trial court issued a Scheduling Order setting, *inter alia*, a briefing schedule and a date for oral argument, and requiring that the Board electronically file its record by March 4, 2019, or risk sanctions. O.R. Item No. 6 at 1.

On March 19, 2019, the Board filed a Praecipe to Notice Failure to Comply (Praecipe) by Frempong. O.R. Item No. 7 at 1. The Board advised that Frempong had not requested the Notes of Testimony pursuant to the Case Management Order, and, as such, the Board was unable to prepare its findings of fact and conclusions of law, and submit its record to the trial court by March 4, 2019. By Order dated March 22, 2019, the trial court dismissed Frempong's appeal for failure to request or pay for the Notes of Testimony pursuant to the Case Management Order. O.R. Item No. 9 at 1.

On March 25, 2019, Frempong filed a response to the Praecipe. R.R. at 8a. He advised that on December 7, 2018, he sent the Board a request for the Notes of Testimony. *Id.* In support, he provided a copy of a certified mail receipt showing that the Board received the mailing on December 10, 2018. *Id.* at 9a. He also provided a copy of the letter he enclosed to the Board Chairman requesting a copy of the Notes of Testimony. *Id.* at 11a. In the letter, he mentioned the issue of payment for the Notes of Testimony and that he attached as "Exhibit B [a] copy of the Order of December 6, 2018[,] issued by the [trial court] with regard to the fee for the transcript fee." *Id.*[3]

---

[3] We note that the trial court did not enter an order on December 6, 2018, and that there is no such order attached to Frempong's letter as Exhibit B in the original record. *See* O.R. Item No. 8 at 4. Possibly, Frempong is referencing the trial court's December 7, 2018 order, granting him permission to proceed *in forma pauperis*, which he attached to his letter as Exhibit A. *See id.* at 4-5.

On April 12, 2019, Frempong filed a motion for reconsideration of the trial court's March 22, 2019 Order. R.R. at 14a. He claimed that he did not receive the Praecipe until March 25, 2019, and that he immediately filed a response that same day. *Id.* at 17a. He stated that the docket indicated that the trial court had not yet ruled on the Praecipe. *Id.* at 18a. He further claimed it was not until April 10, 2019, that he received the trial court's March 22, 2019 Order, informing him that the case had been dismissed. *Id.*

Frempong also argued that the trial court dismissed the case based on a "false and erroneous Praecipe," and that he did request the Notes of Testimony pursuant to the Case Management Order. R.R. at 18a. In support, Frempong again submitted a copy of the letter he sent to the Board Chairman and the certified mailing receipt showing that the Board received the letter on December 10, 2018. Additionally, he submitted a copy of the trial court's docket report, which showed a "RUN DATE" of March 25, 2019. *Id.* at 36a. On that date, however, the trial court's March 22, 2019 Order had not yet been entered. *Id.* at 38a. As such, he claimed that his March 25, 2019 submission to the trial court was timely and should have been considered.

On April 12, 2019, the trial court denied the motion for reconsideration without discussion. O.R. Item No. 11 at 1. Following Frempong's appeal to this Court, the trial court ordered him to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Pa. R.A.P. 1925(b). O.R. Item No. 13. Frempong submitted the following response, in full:

> 1. The [Board's] filing of the [Praecipe] filed on March 11, 2019 [sic,] with the [trial court] alleging that [Frempong] had failed to order and/or make payment for the [N]otes of [T]estimony from the Board hearing within

4

the time prescribed in the [trial court's] . . . Case Management Order was a palpabl[e] falsehood and amount[ed] to a fraud as demonstrated in [Frempong's] filings in response and resultant Motion For Reconsideration.

2.    The [trial court's] dismissal of the [a]ppeal based on the Board's Praecipe is clearly erroneous and [a] gross abuse of discretion.

3.    The [trial court's] summary denial of [the] Motion For Reconsideration despite [Frempong's] compliance [with] the Case Management Order and the Board's [f]raudulently obtained Order of March 23, 2019[sic,] dismissing [the] appeal constitute[s] clear error of law and gross abuse of discretion.

4.    The [trial court's] adjudication of the [a]ppeal in this case is a denial of [Frempong's] first amendment right of access to the [c]ourt and violative of due process and constitute[s] clear error of law and abuse of discretion.

O.R. Item No. 14 at 1.

The trial court then filed an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa. R.A.P. 1925(a), stating that it dismissed Frempong's appeal on March 25, 2019,[4] because Frempong failed to request the Notes of Testimony of the Board's hearing pursuant to the Case Management Order and the Scheduling Order. O.R. Item No. 15 at 1. The trial court then addressed the issues raised by Frempong in his Rule 1925(b) statement. *Id.* at 2-7.

Frempong first claimed that the dismissal of his case was based on a falsehood that he did not comply with the Case Management Order. In rejecting this claim, the trial court observed that Frempong failed to explain why it was a falsehood and provided no citation to authority or any evidence that he ordered the Notes of

---

[4] The trial court's Order is dated and stamped as filed on March 22, 2019, but was entered on the docket on March 25, 2019. O.R. Item No. 9 at 1.

Testimony as mandated. O.R. Item No. 15 at 3-4. The trial court then explained that, while Frempong submitted evidence that he sought the Notes of Testimony via a letter to the Board Chairman, there was no evidence in the record or in Frempong's Rule 1925(b) statement demonstrating that he properly requested the transcript from the stenographer or that he properly served the stenographer with a copy of his Notice of Appeal as required by the trial court's Order. *Id.* at 5. To the contrary, the trial court pointed out that the Case Management Order directed Frempong to obtain a copy of the Board's hearing transcript from the stenographer, serve the stenographer with a copy of the Notice of Appeal, and pay the stenographer for the cost of producing the transcript, none of which he did. *Id.* at 4-5. The Order also warned that "[f]ailure to order the transcript will result in the dismissal of the appeal absent good cause shown." R.R. at 5a. Because Frempong failed to comply with the Case Management Order, the trial court determined that it did not err in dismissing the appeal based on Frempong's noncompliance with the court's Order.

The trial court next addressed whether Frempong demonstrated good cause for his failure to request the transcript. In doing so, the court explained that, while Frempong was granted leave to proceed *in forma pauperis*, such status did not relieve him of his duty to make a proper request to the stenographer and, therefore, did not constitute good cause justifying his failure to serve the stenographer or timely request the transcript. O.R. Item No. 15 at 6. The trial court also determined that Frempong's Rule 1925(b) statement was insufficient to allow meaningful review of the matter due to its lack of specificity and vagueness. The trial court noted that Frempong generally asserted that the Praecipe constituted a falsehood, and claimed that the dismissal of the case violated his right of access to the court and his right to due process. However, the trial court noted that he provided no facts or evidence in

6

support of his vague claims of error. As such, the trial court concluded that the claims should be dismissed. O.R. Item No. 15 at 6-7. Finally, the trial court noted that its refusal to grant reconsideration is not a question that is an appropriate subject matter for appeal. *See Cheathem v. Temple University Hospital*, 743 A.2d 518, 521 (Pa. Super. 1999) (explaining that reconsideration orders are not considered final orders and, thus, are not subject to appeal).

In his appeal to this Court,[5] Frempong raises three issues. First, he challenges the trial court's conclusions that he did not provide sufficient evidence of any error by the trial court and that his Rule 1925(b) statement failed to adequately identify in a concise manner the issues he complained of on appeal. Second, he claims that his appeal was improperly dismissed. Third, he claims that the trial court should have granted reconsideration because he established his compliance with the Case Management Order. We address each issue in turn.

Frempong first claims that the trial court erred in concluding that he did not provide sufficient evidence of error and that his Rule 1925(b) statement failed to adequately identify in a concise manner the issues he complained of on appeal. Specifically, Frempong points out that the trial court found his claims of fraud and insinuations of constitutional violations were not based in law or fact, and then claims that the trial court actually conceded in its Rule 1925(a) opinion that he complied with the mandate to obtain the Notes of Testimony.[6] Frempong's Brief at 10. Thus, Frempong asserts that the trial court erred in concluding that his Rule

---

[5] Our review of a trial court's decision is limited to whether constitutional rights were violated, whether the trial court abused its discretion, or whether an error of law was committed. *Fraisar v. Gillis*, 892 A.2d 74, 76 n.2 (Pa. Cmwlth. 2006).

[6] The trial court makes no such concession in its Rule 1925(a) opinion.

7

1925(b) statement was not sufficiently specific and that he did not provide evidence in support of his claims that he complied with the Case Management Order.

The City responds that the trial court acted well within its discretion in dismissing Frempong's appeal based on his noncompliance with the Case Management Order, which action is supported by this Court's case law. The City also contends that neither Frempong's letter to the Board Chairman requesting a copy of the transcript, nor his *in forma pauperis* status before the trial court, relieved him of his duty to request the transcript directly from the stenographer and pay for it pursuant to the Case Management Order. The City further asserts that Frempong's passing references to "due process" and "access to the courts" without any application to the facts of his case are insufficient to preserve those issues; they are therefore waived. Moreover, even if those issues were not waived, the City maintains that Frempong's rights to due process and access to the courts were amply protected by the trial court.

Where, as here, the trial court orders an appellant to file a Rule 1925(b) statement, the appellant must "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa. R.A.P. 1925(b)(4)(ii).[7] Any "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa. R.A.P. 1925(b)(4)(vii); s*ee also Burgoyne v. Pinecrest Community Association*, 924 A.2d 675, 678 n.1 (Pa. Super. 2007) (stating that a Rule 1925(b) statement "must be detailed enough so that the judge can write a Rule

_____

[7] On June 24, 2019, the Pennsylvania Supreme Court amended Pennsylvania Rule of Appellate Procedure 1925, effective October 1, 2019, which was before Frempong filed his Rule 1925(b) statement in this case. *See* 49 Pa. B. 3867 (2019). We therefore cite the old language of Rule 1925(b)(4)(ii), as that is the version of the rule that governed Frempong's Rule 1925(b) statement.

1925(a) opinion"); *Commonwealth v. McCree*, 857 A.2d 188, 192 (Pa. Super. 2004), *aff'd*, 924 A.2d 621 (Pa. 2007) (stating that a Rule 1925(b) statement which is too vague to allow the court to identify the issue raised on appeal is "the functional equivalent of no [c]oncise [s]tatement at all").

We agree with the trial court that Frempong's Rule 1925(b) statement raises no facts showing that the Board acted fraudulently. Further, his references to various constitutional rights are made without legal or factual assertions. Moreover, all of these issues are based on his claim that he did indeed comply with the Case Management Order. As such, we will turn to that claim, which is addressed in his second issue.

In his second issue, Frempong claims that the trial court improperly dismissed his appeal because he has established that he complied with the Case Management Order. Frempong asserts that he complied with the Case Management Order by sending a letter to the Board Chairman requesting the Notes of Testimony and attaching the trial court's order granting him *in forma pauperis* status.

The City responds that the Case Management Order required Frempong to order the Notes of Testimony by serving the stenographer with a copy of his Notice of Appeal and requesting the transcript directly from the stenographer. Instead of doing that, Frempong sent a letter to the Board Chairman. As such, the City asserts that he did not comply with the Case Management Order.

When the Board denied Frempong's appeal, he was advised that "[i]n order to pursue [his] appeal [before the trial court, he] must order the Notes of Testimony from [his] hearing before the . . . Board. To order the Notes of Testimony, [he] should contact Strehlow & Associates, the court reporting agency, at 215-504-4622." O.R. Item No. 2 at 2. Following his appeal to the trial court, a

9

Case Management Order was issued, advising Frempong that he was "required to obtain a copy of the hearing transcript or certified record if applicable from the agency once a scheduling order is issued. [He] must order a transcript of the proceedings by serving the stenographer with a copy of the Notice of Appeal and paying the stenographer for the cost of producing the notes." R.R. at 5a (emphasis omitted). Importantly, the Order warned that "[f]ailure to order the transcript will result in the dismissal of the appeal absent good cause shown." *Id.* On January 18, 2019, the Scheduling Order was issued, requiring that the Board electronically file its record by March 4, 2019, or risk sanctions. O.R. Item No. 6 at 1.

As explained by the trial court in its Rule 1925(a) opinion, Frempong did not serve the stenographer with the Notice of Appeal as required. Instead, he sent a letter to the Board Chairman. As such, he did not comply with the Case Management Order and his appeal was dismissed.

Frempong ignores the trial court's explanation in its Rule 1925(a) opinion regarding why it concluded that he failed to comply with the Case Management Order. He also does not address his failure to serve the stenographer or the express language of the Case Management Order requiring him to do so. Instead, he claims that "it is baffling" that the Board filed the Praecipe stating that he did not comply with the Case Management Order when he clearly did comply. Frempong's Brief at 15-16.

We reject Frempong's claim that he complied with the Case Management Order by mailing a letter to the Board Chairman. The Case Management Order explicitly required service of the Notice of Appeal on the stenographer, and provided Frempong with the telephone number to call to begin this process; however, Frempong apparently chose not to follow the instructions

10

provided. We also emphasize that the Case Management Order warned that failure to order the transcript would result in dismissal, absent good cause shown. Frempong has not claimed good cause for his failure to order the transcript, and in fact, he continues to assert that he properly ordered the transcript despite his own evidence showing otherwise.[8] As our Supreme Court has explained, "it is axiomatic that a court has inherent power to enforce its own orders of court and that this court will not interfere with enforcement absent an abuse of discretion." *Commonwealth v. Shaffer*, 712 A.2d 749, 751 (Pa. 1988). Frempong has made no showing that the trial court abused its discretion or otherwise erred. As such, we reject his second claim of error.

Frempong's final claim is that the trial court should have granted reconsideration because the Board was incorrect that he did not comply with the Case Management Order's directive that he order the Notes of Testimony. The City asserts, and the trial court ruled, that this claim is meritless, and we agree. "The refusal of a court to reconsider, rehear or permit reargument of a final decree is not reviewable on appeal." *Commonwealth v. Rachau*, 670 A.2d 731, 734 n.8 (Pa. Cmwlth. 1996). Therefore, to the extent that Frempong challenges the denial of his motion for reconsideration, such claim is dismissed as unreviewable.

For all of the above reasons, the order of the trial court is affirmed.

_____
MICHAEL H. WOJCIK, Judge

---

[8] This is not the first time Frempong has had a case dismissed for failure to comply with a Case Management Order. In *School District of Philadelphia v. Frempong* (Pa. Cmwlth., No. 356 C.D. 2014, filed January 7, 2015), he appealed an adjudication of the City's Board of Revision of Taxes to the trial court, and a case management order was issued. The City filed a motion to quash because Frempong did not obtain the hearing transcript or file a pretrial memorandum as required by the case management order. The trial court quashed the appeal, and this Court affirmed.

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steve A. Frempong,        :
       :
              Appellant    :
       :
         v.            : No. 510 C.D. 2019
       :
Board of License and       :
Inspection Review          :

## **O R D E R**

AND NOW, this 24th day of March, 2021, the Order of the Court of Common Pleas of Philadelphia County, dated March 22, 2019, is AFFIRMED.

_____

MICHAEL H. WOJCIK, Judge