IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph LoDuca,                          :
                                        :
                    Appellant           :
                                        :
          v.                            : No. 970 C.D. 2022
                                        : Submitted: May 12, 2023
Warden Cooper, Deputy Warden            :
Frampton, Jerry Russo,                  :
and Tucker Arensberg                    :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                    FILED:   April 4, 2024


          Joseph LoDuca (Inmate), proceeding *pro se*, appeals from the order of
the Court of Common Pleas of the 17th Judicial District, Snyder County Branch,
(trial court) dated March 9, 2022, that dismissed Inmate's civil complaint for
improper service of process. After careful review, we affirm.

          The relevant facts may be summarized as follows. Inmate filed a civil
complaint (Complaint) against Snyder County Prison Warden Shawn Cooper,
Deputy Warden Richard Frampton, Jerry Russo, Esq. (Attorney Russo), and the law
firm of Tucker Arensberg (together, Appellees) with this Court on December 6,

2021. Supplemental Reproduced Record (S.R.R.) at 6b-23b.[1] Inmate averred that his detention and sentencing were illegal because Warden Cooper and Deputy Warden Frampton caused him to be falsely imprisoned, and that they imposed cruel and unusual punishment on him. *Id.* Inmate further averred that Attorney Russo and the law firm of Tucker Arensberg "maliciously failed" to protect his constitutional rights. *Id.* Inmate attached to his Complaint a proof of service indicating that he mailed the Complaint to each Appellee by United States Postal Service (USPS) first-class mail. *Id.* at 12b. Inmate also presented a cash slip from the Snyder County Prison dated December 6, 2021, which lists the names and addresses of Appellees as further evidence that he mailed the Complaint to each Appellee. Original Record (O.R.) at Item No. 3.

On December 10, 2021, this Court issued an order granting Inmate's application to proceed *in forma pauperis* and, upon determining that it lacked jurisdiction, transferred this matter to the trial court. S.R.R. at 5b. On January 26, 2022, the trial court issued an order directing Inmate to file proof of service consistent with the Pennsylvania Rules of Civil Procedure within 30 days. O.R. at Item No. 2. The trial court continued Inmate's *in forma pauperis* status, and explicitly noted that "[i]n the event [Inmate] fails to file satisfactory Proof of Service, the matter will be dismissed." *Id.*

On February 4, 2022, Inmate filed a motion for default judgment, in which he claimed that Appellees had been served 20 days earlier and failed to

---

[1] Pa.R.A.P. 2173 states: "Except as provided in Rule 2174 (tables of contents and citations), the pages of . . . any supplemental reproduced record . . . shall be numbered separately in Arabic figures and not in Roman numerals: thus 1, 2, 3, etc. . . . and followed in any supplemental reproduced record by a small b, thus 1b, 2b, 3b, etc." Although the pagination of the Supplemental Reproduced Record does not conform to the foregoing Rule, we will cite to the relevant pages as required by the Rule.

respond. O.R. at Item No. 3. However, Inmate did not comply with the trial court's order to provide proof of service compliant with the Rules of Civil Procedure, and on March 9, 2022, the trial court dismissed the Complaint for improper service under Pa.R.Civ.P. 400.[2] S.R.R. at 24b. On March 24, 2022, Inmate filed a second motion for default judgment, alleging that he had properly served Appellees by first-class mail, they failed to respond, and the relief sought in his Complaint should be granted. S.R.R. at 25b-28b. Inmate then timely filed a notice of appeal from the trial court's March 9, 2022 order with the Superior Court. S.R.R. at 29b-34b. The trial court entered a scheduling order directing Inmate to file a Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) (1925(b) Statement) within 21 days. O.R. at Item No. 8. The trial court advised that any issue not included in Inmate's 1925(b) Statement "shall be deemed waived." *Id.*

Inmate timely filed his 1925(b) Statement, in which he included seven issues, all relating to the merits of the legality of his detention and sentencing, but he failed to include any mention or discussion of the service of the Complaint. S.R.R. at 35b-38b. On May 10, 2022, the trial court issued its opinion pursuant to Pa.R.A.P. 1925(a). S.R.R. at 39b-40b. The trial court first summarized the relevant procedural background. *Id.* As to Inmate's 1925(b) Statement, the trial court explained:

> On May 5, 2022, [Inmate] filed a [1925(b) Statement]. [Inmate] failed to address the service issue in any of the [errors] complained of on appeal. The [1925(b)] Statement [c]ites Criminal Procedural Rules and Criminal Statutes but fails to address the issue of service of original process in a civil matter.

---

[2] Pa.R.Civ.P. 400(a) states in relevant part that, subject to limited exceptions not implicated in this matter, "original process shall be served within the Commonwealth only by the sheriff." Pa.R.Civ.P. 400(a).

*Id.* at 40b. As to the service issue, the trial court held:

> Pa.R.Civ.P. 400 directs that original process shall be served within the Commonwealth only by the Sheriff. [Inmate] appears to have attempted service by regular mail. This form of service is inappropriate for an original civil action. The Court gave [Inmate] an opportunity to rectify the lack of service[;] however, [Inmate] failed to file any proof of service.

*Id.*

Inmate appealed the trial court's order to the Pennsylvania Superior Court, but the Superior Court transferred Inmate's appeal to this Court.[3] Inmate filed a brief and reply brief with this Court, and the Court ruled on various requests for procedural relief filed by Inmate during the appeal. Appellees Warden Cooper and Deputy Warden Frampton filed a brief, as did Appellees Attorney Russo and Tucker Arensberg.

Initially, before considering the issue of service, we must first determine whether Inmate preserved the issue for appeal. Inmate argues that he did not address the issue of service in his 1925(b) Statement because he "was not given any order as to the reason [the trial court] dismissed [Inmate's] civil action." Appellant's Brief at 12. Inmate also argues that his 1925(b) Statement "encompasses all the reasons the trial court should not [have] dismissed the [Complaint]." *Id.* at 11. Appellees respond that *pro se* litigants are subject to the waiver requirements in Pa.R.A.P. 1925(b). Appellees Attorney Russo and Tucker Arensburg further respond that Inmate's argument that he was not aware that his Complaint had been dismissed and he was not given any reason for the dismissal is belied by the record, where Inmate conceded in his brief to this Court that he learned

---

[3] Our review is limited to determining whether constitutional rights have been violated, or whether the trial court abused its discretion or committed an error of law. *Fraisar v. Gillis*, 892 A.2d 74, 76 n.2 (Pa. Cmwlth. 2006).

of the dismissal no later than April 1, 2022, before he filed the instant notice of appeal. Appellees Attorney Russo and Tucker Arensberg further note that Inmate attached the trial court docket to his notice of appeal, which specifically includes the text of the trial court's January 26, 2022 and March 9, 2022 orders.

Pa.R.A.P. 1925(b) sets forth the requirements for a 1925(b) statement. When an appeal is filed, the trial court may enter an order directing the appellant to file a 1925(b) statement, when it desires "clarification of the errors complained of on appeal." Pa.R.A.P. 1925(b). The trial court must allow the appellant at least 21 days to file his 1925(b) statement. Pa.R.A.P. 1925(b)(2). The trial court's order must contain several specific directives, including the filing deadline and a statement that "any issue not properly included in the [1925(b)] Statement timely filed and served . . . shall be deemed waived." Pa.R.A.P. 1925(b)(3). Pa.R.A.P. 1925(b)(4), entitled "Requirements; waiver," contains additional requirements for 1925(b) statements, including the specific notice that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." *See* Pa.R.A.P. 1925(b)(4)(vii).

As our Supreme Court explained in *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998), "in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a 1925(b) statement will be deemed waived." Our Supreme Court further emphasized that it established a "bright-line rule for waiver" in *Lord*, such that "waiver under Rule 1925 is automatic." *Commonwealth v. Butler*, 812 A.2d 631, 633 (Pa. 2002). Our Supreme Court further noted that although courts may liberally construe filings by a *pro se* litigant, "*pro se* status confers no special benefit upon a

litigant, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading." *Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014).

Here, the record is clear, and Inmate does not dispute, that he did not address the issue of service in his 1925(b) Statement. S.R.R. at 35b-38b. In its January 26, 2022 order, the trial court directed Inmate to file proof of service consistent with the Rules of Civil Procedure and explicitly noted that "[i]n the event [Inmate] fails to file satisfactory Proof of Service, the matter will be dismissed." O.R. at Item No. 2. Inmate does not argue that he was unaware of the trial court's January 26, 2022 order. Further, Inmate admitted in his brief to this Court that he was aware of the trial court's March 9, 2022 order, after speaking with the trial court Prothonotary on April 1, 2022. Appellant's Brief at 12. Inmate admits that his 1925(b) Statement encompassed "all the reasons" why the trial court erred in dismissing his Complaint. *Id.* at 11. Further, the trial court docket attached to Inmate's notice of appeal includes the text of the January 26, 2022 and March 9, 2022 trial court orders. S.R.R. at 29b-34b.

Therefore, because Inmate failed to address the issue of service in his 1925(b) Statement, he failed to preserve this issue for appellate review, and we must deem that it has been waived. Pa.R.A.P. 1925(b)(4)(vii); *Lord*, 719 A.2d at 309; *Butler*, 812 A.2d at 633. Inmate's *pro se* status does not permit us to "find more" in his 1925(b) Statement than Inmate included. *Blakeney*, 108 A.3d at 766. Further, we are unpersuaded by Inmate's argument that he was unaware of the trial court's dismissal of his Complaint for lack of proper service when Inmate's admissions suggest otherwise.

6

Even if it is assumed that Inmate has not waived this claim by failing to include it in his 1925(b) Statement, we would find no error by the trial court in dismissing the Complaint based on Inmate's failure to properly serve Appellees as required by Pa.R.Civ.P. 400(a). Inmate argues that his service of the Complaint on Appellees by first-class mail should be sufficient, and that arranging and paying for service by the sheriff presents a hardship for incarcerated individuals, such as himself. Appellant's Brief at 12. Appellees respond Pa.R.Civ.P. 400(a) and 402(a) together require that a civil complaint, like the Complaint here, must be personally served by the sheriff, and service of the Complaint by first-class mail does not satisfy the Rules.

Service of process is a mechanism by which a court obtains jurisdiction of a defendant, and, therefore, the rules concerning service of process must be strictly followed. *Cintas Corp. v. Lee's Cleaning Services, Inc.*, 700 A.2d 915, 917 (Pa. 1997). Further, "[t]he granting of a petition to proceed *in forma pauperis* does not exempt a person from following the Rules of Civil Procedure concerning service of process." *Mooney by Mooney v. Borough of West Mifflin*, 578 A.2d 1384, 1386 (Pa. Cmwlth. 1990). A court "must remain neutral and cannot act as the attorney for *pro se* litigants or be responsible for bringing a litigant's suit into compliance with the rules of civil procedure." *Fraisar v. Gillis*, 892 A.2d 74, 76-77 (Pa. Cmwlth. 2006). The burden to comply with all procedural rules lies with the plaintiff who chose to initiate the suit, *pro se*. *Id.* at 77.

As this Court held in *Fraisar*:

> Before a court may determine a legal action, it must possess both subject-matter jurisdiction and jurisdiction of the person. *Slezynger v. Bischak*, []307 A.2d 405 (Pa. Super. 1973). Jurisdiction of subject matter relates to the competency of a court to hear and determine controversies

7

of the general nature of the matter involved, while jurisdiction of the person is ordinarily acquired by service upon such person of the court's process within the territorial limits of its authority. *McGinley v. Scott*, [64 A.2d 424 (Pa. 1960)]. *Proper service is a prerequisite to a court acquiring personal jurisdiction over a defendant. Cintas Corporation*[], [700 A.2d 915 (Pa. 1997)], s*ee Sharp v. Valley Forge Medical Center & Heart Hospital, Inc.*, [221 A.2d 185 (Pa. 1966)] (Jurisdiction of the court over the person of the defendant is dependent upon proper service having been made.).

The rules governing service of original process to ensure notice are set forth at Pa.[]R.C[iv.]P. [] 400-430. Rule 400 designates who may make service; Rule 401 provides for time for service; and Rule 402 provides for the manner of service. Rule 400 provides that original process shall be served within the Commonwealth only by the sheriff with limited exceptions, not applicable here. . . . Rule 402 requires original process to be hand-delivered.

*Fraisar*, 892 A.2d at 77 (emphasis added).

Inmate further argues that Appellees were not prejudiced by first-class mail service, and that his Complaint should not have been dismissed for lack of proper service. Appellant's Brief at 1. Our Supreme Court has held that "whether a court may disregard a litigant's defective service of process or violation of its order is vested within the sound discretion of that court." *Konya v. District Attorney of Northampton County*, 669 A.2d 890, 892 (Pa. 1995). This Court will not overturn a trial court's rigid application of procedural rules unless the trial court abused its discretion. *Id.*; *see also Miller v. Klink*, 871 A.2d 331, 337 (Pa. Cmwlth. 2005); *Williams v. Russell* (Pa. Cmwlth., No. 1402 C.D. 2019, filed Apr. 13, 2020), slip op. at 7.[4]

---

[4] *See* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. [] Non-precedential decisions . . . may be cited for their persuasive value.").

In *McCreesh v. City of Philadelphia*, 888 A.2d 664, 666 n.1 (Pa. 2005), our Supreme Court provided for limited flexibility for service of process under certain specific facts, it did "not address the situation where a plaintiff never complies with the Rules of Civil Procedure relating to service." However, as this Court has summarized:

> [In *McCreesh*,] the plaintiff attempted service by sending the writ to the defendant by certified mail, which procedurally was not valid. Proper service, by hand delivery, was not effected until after the statute of limitations had expired. The Supreme Court determined that the plaintiff's technically deficient service by mail constituted a good faith effort at notice where the defendant had actual notice of the litigation and was not otherwise prejudiced. *McCreesh*. The Court held that dismissal is appropriate only if the plaintiff has demonstrated an intent to stall the judicial machinery or where failure to comply with the Rules of Civil Procedure has prejudiced the defendant. *Id.* The Court reasoned that this approach sufficiently protects defendants from defending against stale claims without the draconian action of dismissing claims based on technical failings that do not prejudice the defendant. *Id.*

*Fraisar*, 892 A.2d at 78.

Here, similar to *Fraisar*, *McCreesh* is inapplicable to the circumstances surrounding the service of Inmate's Complaint, where the statute of limitations is not at issue, and Inmate was given ample time and several opportunities to properly serve Appellees in compliance with the Rules of Civil Procedure, and provide proof of service, which he did not do. *Fraisar*, 892 A.2d at 78; *see also Williams*, slip op. at 7. As the trial court noted, Pa.R.Civ.P. 400 clearly provides for service only by the sheriff, and Inmate failed to properly serve Appellees using the sheriff. S.R.R. at 40b. Because service of process is a mechanism by which a court obtains jurisdiction of a defendant, the rules concerning service of process must be strictly

9

followed. *Cintas Corp.*, 700 A.2d at 917. The granting of a petition to proceed *in forma pauperis*, or the *pro se* status of the litigant, does not exempt the individual from following the Rules of Civil Procedure concerning service of process. *Mooney*, 578 A.2d at 1386.[5]

       Accordingly, we affirm the trial court's order.

 

MICHAEL H. WOJCIK, Judge

---

[5] Because of our disposition, we need not reach the other issues raised by Inmate.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph LoDuca,          :
                                 :
                 Appellant   :
                                 :
            v.             :  No. 970 C.D. 2022
                                 :
Warden Cooper, Deputy Warden  :
Frampton, Jerry Russo,        :
and Tucker Arensberg        :

# **O R D E R**

AND NOW, this 4th day of April, 2024, the Order of the Court of Common Pleas of the 17th Judicial District, Snyder County Branch, dated March 9, 2022, is AFFIRMED.

 

                                             _____

MICHAEL H. WOJCIK, Judge