IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marwan Kreidie                       :
                                     :    No.  846 C.D. 2016
              v.                     :
                                     :    Argued:  February 7, 2017
Commonwealth of Pennsylvania,        :
Department of Revenue,               :
              Appellant              :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION BY
JUDGE McCULLOUGH                              FILED:  March 10, 2017


The Commonwealth of Pennsylvania, Department of Revenue (the Department) appeals from the April 21, 2016 order of the Court of Common Pleas of Philadelphia County (the trial court), which denied the Department's motion to strike entry of default judgment, its petition to open default judgment, and its motion for a new trial.


**Facts and Procedural History**

Marwan Kreidie (Appellee) filed a two-count complaint against the Department on May 15, 2015, alleging discrimination in employment following his discharge from the Department's Bureau of Pennsylvania State Lotteries. (Reproduced Record (R.R.) at 15-16.)

Appellee filed an affidavit of service of this complaint indicating service upon a Brenda Myles, who was labeled "Manager" and "a person authorized to

accept service" at the Commonwealth of Pennsylvania, Department of Treasury (not Department of Revenue) at 700 Packer Avenue, Philadelphia, Pennsylvania, on May 22, 2015. There is no evidence that Appellee or his process server ever attempted to serve the Attorney General of Pennsylvania. There is nothing in the record to identify who Ms. Myles is and whether the Packer Avenue address was a site for the Department or just for the "Department of Treasury" as affirmed on the affidavit of service. (R.R. at 22.) However the Department has since conceded that the Packer Avenue address "does correspond with the street address for the Department of Revenue." (Brief for Appellant at 7, fn 2.)

On August 3, 2015, Appellee sent a notice of praecipe to enter default judgment (commonly referred to as a "ten day notice") on the prescribed Pennsylvania form to the Department at the 700 Packer Avenue address. This notice was received by the Department on August 6, 2016. (R.R. at 28-31.) There is no evidence of any effort by Appellee to send the "ten day notice" to the office of the Attorney General. On September 11, 2015, a praecipe to enter default judgment was filed. In addition to judgment, the praecipe sought "a hearing to assess damages." (R.R. at 23-24.)

Appellee attached an exhibit (Exhibit D) to the praecipe, which included a transcript of an e-mail exchange between his counsel and counsel for the Department. The first e-mail message was from Appellee's counsel on August 13, 2015, reading in pertinent part, "How long of an extension do you need for an answer/New Matter only?" (R.R. at 32.) The Department's counsel replied the same day that, "I would like 21 days because I have quite a few more depositions the next 2 weeks." *Id.* Appellee's counsel replied, "Agreed." *Id.*

The prothonotary entered judgment twenty-nine days after the above e-mail exchange, and on October 13, 2015, the trial court issued a notice scheduling a hearing on Monday, December 21, 2015, to assess damages on the judgment. (R.R. at 34.)

On Friday, December 18, 2015, the Department electronically filed a petition to open judgment, which the court administrator rejected on December 21, 2015, because it needed to have been filed "in motion section." Accordingly, that petition was not before the trial court when it convened the hearing on assessment of damages. (R.R. at 39, 118-19, 121-22.)

Appellee was the sole witness at the hearing. (R.R. at 35-62.) He testified about his employment with the Department from January 1, 2011, through March 5, 2011, what his pay and benefits totaled, and until what age he expected to work. He did not address the allegations in his complaint as to liability.[1]

At the close of the hearing, the trial court asked both parties to submit proposed findings of fact and conclusions of law by January 8, 2016. (R.R. at 61-62.) Both sides availed themselves of this post-hearing opportunity (R.R. at 130-46) and the Department also submitted an affidavit from Linda Miller consisting of records and other evidence not adduced at the hearing. (R.R. at 147-74.) Miller was the Director of Human Resources for the Department. Miller's affidavit contradicted Appellee's testimony before the trial court because it alleged that Appellee's position with the Department ended effective March 1, 2011, but that he immediately commenced other Commonwealth employment the next day, attaching exhibits

---

[1] The complaint contains allegations that his termination is related to his political party affiliation, Democratic, and his religious affiliation, Muslim. *See*, R.R. at 15-21.

3

demonstrating the Commonwealth positions, the pay scales, and the levels of benefits. (R.R. at 147-74.)

In the meantime, the Department filed a second petition to open judgment that was finally accepted for filing on December 23, 2015, which was opposed by Appellee and denied by the trial court. (R.R. at 66-129, 175-86.)

On March 14, 2016, the trial court issued its findings of fact, conclusions of law, and award in favor of Appellee in the amount of $79,989.00. (R.R. at 187-93.) The Department filed a motion for post-trial relief, asking alternatively for the court to strike the default judgment, open the judgment, or grant a new trial concerning damages. (R.R. at 194-205.)

The trial court denied the Department's post-trial motion by order dated April 5, 2016, and the Department filed a timely appeal to this Court. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on August 10, 2016. In its opinion, the trial court: (1) found that any objection to service of process was waived by the Department, so that the judgment should not have been stricken; (2) found that the Department's petition to open judgment was not timely and lacked adequate excuse, so that the trial court acted within its discretion in not opening the judgment; and, (3) because the "after-discovered evidence" regarding damages was available to the Department and/or could have been discovered with due diligence prior to the hearing, the trial court did not abuse its discretion in refusing a new trial as to damages.

4

## Discussion

On appeal,[2] the Department argues that the default judgment should have been stricken because of a facial defect on the record when the judgment was entered. We agree.

Pennsylvania practice is clear regarding whether to strike a judgment. If there is a defect on the record as of the date the judgment was entered (an error so obvious, one can see it on the face of the court record, or a "facial defect"), then the judgment must be stricken.

The Department argues that the failure to even attempt to serve the Attorney General amounts to a defect on the face of the record as the record existed when the judgment was entered. Therefore, the Department concludes, the judgment should have been stricken.

The Appellee argues, however, that such "facial defects" (such as improper service where, as here, Appellee neglected to serve the Attorney General in violation of state law), can be waived by a defendant, and were in fact waived here when counsel for the Attorney General's office agreed to the extension of time **only** to file an answer or new matter (in other words, to preclude filing of preliminary objections). Appellee argues that because preliminary objections were precluded by the e-mail agreement and there are no other vehicles to challenge improper service, any argument was waived by the Department. Further, Appellee argues (and the trial court found) that the Department's participation in the December 21, 2015, hearing amounted to a second act of waiver on the Department's part.

---

[2] Our review in this non-jury setting is limited to determining whether an error of law was committed or whether constitutional rights were violated. *Swift v. Department of Transportation,* 937 A.2d 1167, 1172 n.5 (Pa. Cmwlth. 2007).

We agree with the Department that the judgment should have been stricken. When confronted with a petition to strike, "the court may only look to the facts of record at the time the judgment was entered to decide if the record supports the judgment; a judgment should be stricken only if a fatal defect appears on the face of the record." *Cintas Corporation v. Lee's Cleaning Service, Inc.*, 700 A.2d 915, 917 (Pa. 1997).

In the present case, the affidavit of service (R.R. at 22) shows no service on the Attorney General of Pennsylvania. Such a failure is directly contrary to both statute and court rule, e.g., 42 Pa.C.S. §8523(b) and Pa.R.C.P. 422(a), both of which direct a party serving process on any Commonwealth party to serve it as well on the Attorney General.

The relevant statute reads, "[s]ervice of process in the case of an action against the Commonwealth shall be made at the principal or local office of the Commonwealth agency that is being sued *and at the office of the Attorney General.*" 42 Pa.C.S. §8532(b) (emphasis supplied).

The Pennsylvania Rules of Civil Procedure are equally clear: "Service of original process upon the Commonwealth or an officer of the Commonwealth or a department, board, commission, or instrumentality of the Commonwealth or a member thereof, shall be made at the office of the defendant *and the office of the attorney general* by handing a copy to the person in charge thereof." Pa.R.C.P. 422(a) (emphasis supplied).

Such a failure "cannot be overlooked" and "cannot be excused," and the failure by Appellee to serve the Attorney General renders Appellee's service on Department "defective and deprived the trial court of jurisdiction." *Reaves v. Knauer*, 979 A.2d 404, 410 (Pa. Cmwlth. 2009). The failure to serve the Attorney

6

General "is a fatal defect appearing on the face of the record" at the time the default judgment was entered. *Id.* Such a facial defect cannot be waived. "Without jurisdiction, the prothonotary lacked power to enter a default judgment." *Id.*

Appellee has attempted to distinguish *Reaves* from the present case, arguing that the Department needed to show that it lacked actual knowledge of his lawsuit. Such reasoning stretches the sound analysis of this Court in *Reaves* so as to make its holding a nullity, and we reject that reasoning.

## Conclusion

Because Appellee failed to serve the complaint on the Attorney General, his service was defective and deprived the trial court of jurisdiction to enter a default judgment.

Accordingly, the trial court's order denying the Department's motion to strike the judgment is reversed.[3]

_____
PATRICIA A. McCULLOUGH, Judge

---

[3] The Department also argues that the trial court erred in refusing to open the judgment and in refusing to grant a new trial on damages. Given our disposition above, however, we need not address these arguments.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Marwan Kreidie          :
          :   No.  846 C.D. 2016
       v.          :
          :

Commonwealth of Pennsylvania,   :
Department of Revenue,       :
        Appellant    :

## ***ORDER***

AND NOW, this 10th day of March, 2017, the order of the Court of Common Pleas of Philadelphia County (trial court) dated April 21, 2016, is hereby reversed, the default judgment is stricken, and the matter is remanded to the trial court for further proceedings.

Jurisdiction relinquished.

_____
PATRICIA A. McCULLOUGH, Judge