Bethel Cemetery       :
            :
   v.         : No. 145 C.D. 2021
            : Submitted: March 8, 2024
Commonwealth of Pennsylvania,  :
      Appellant :

BEFORE:  HONORABLE ANNE E. COVEY, Judge
      HONORABLE MICHAEL H. WOJCIK, Judge
      HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE       FILED: September 5, 2024

The Commonwealth of Pennsylvania (Commonwealth) appeals from the order of the Court of Common Pleas of Allegheny County (trial court), entered on December 23, 2020, granting Bethel Cemetery's (Cemetery) Petition to Exonerate Taxes (Petition). Upon review, we vacate the trial court's order and remand this matter to the trial court to quash the Cemetery's Petition.

## I. Background

The Cemetery historically operated its cemetery on real estate that the Bethel Presbyterian Church (Church) of Bethel Park, Pennsylvania, owned. Reproduced Record (R.R.) at 5. By Deed dated December 20, 2018, the Church conveyed title to this real estate to the Cemetery. *Id.* The Church attached a Realty Transfer Tax Statement of Value to this Deed, asserting the transfer was excluded from

Pennsylvania Realty Transfer Tax as a transfer between religious organizations under Section 1102-C.3(17) of the Tax Reform Code of 1971 (Code).[1] R.R. at 5-6. Nevertheless, on May 10, 2019, the Pennsylvania Department of Revenue (Department) sent the Church an assessment imposing realty transfer taxes in the total amount of $1,098.27. *Id.* at 3.

The Church did not file an appeal of the Department's assessment until August 29, 2019. *Id.* The Department's Board of Appeals dismissed the Church's appeal because the Church filed it 51 days after the filing deadline. *Id.* The Church appealed to the Board of Finance and Revenue (Board), which determined the Church did not present "facts or evidence sufficient to demonstrate an administrative breakdown to allow this Board to overcome the time limits for filing." *Id.* at 4. As a result, the Board dismissed the Church's appeal as untimely by order entered January 29, 2020. *Id.*

The Church did not appeal the Board's decision to this Court. Rather, it was the Cemetery, nearly 10 months after the Board dismissed the Church's appeal,[2] which filed the Petition with the trial court. *See* R.R. at 5-7. In the Petition, the Cemetery asserted it exhausted its administrative remedies regarding the Department's assessment of realty transfer taxes. *See id.* at 6. In addition, the Cemetery requested the trial court "issue an order declaring that the subject property is exempt from realty transfer taxes, exonerat[e] all back taxes owed as against the Cemetery and void[] the [Department's assessment]." *Id.* The Cemetery's

---

[1]  Act of March 4, 1971, P.L. 6, *as amended*, added by the Act of July 2, 1986, P.L. 318, 72 P.S. § 8102-C.3(17).

[2]  The Church conveyed the subject property to the Cemetery to "clean up [its] records" and give the Cemetery "ownership of the actual areas of the cemetery to reflect the actual historic use of property." *See* R.R. at 5. The Church, not the Cemetery, appealed from the Department's assessment. *Id.* Nevertheless, the Cemetery averred in this matter that it, not the Church, "proceeded to exhaust its administrative remedies" after the Department's assessment. *Id.* at 6.

certificate of service avers the Cemetery served the Petition on the following party, by regular, First-Class Mail:

> Commonwealth of Pennsylvania
> Realty Transfer Tax Division
> P.O. Box 280603
> Harrisburg, PA 17128-0603

*Id.* at 7.

The trial court issued a rule to show cause why relief should not be granted and taxes exonerated, and scheduled a telephone hearing for December 21, 2020, at 2:00 p.m. R.R. at 10. The Cemetery filed a second certificate of service indicating it served the hearing scheduling notice in the same manner it served the Petition. *Id.* at 8. The Commonwealth failed to appear at the hearing. *Id.* at 34. The trial court "inquired as to whether the Commonwealth was served, [and] after being verbally assured they were, [the trial court] waited for a reasonable amount of time to elapse and then granted [the] Cemetery's Petition and marked the [o]rder as uncontested." *Id.* at 34-35. The trial court entered its order granting the Petition on December 23, 2020. *Id.* at 12.

On January 21, 2021, the Commonwealth filed a Motion for Reconsideration and a Notice of Appeal in the trial court, raising issues of jurisdiction and res judicata. *See* R.R. at 13, 25. The trial court did not rule on the Commonwealth's Motion for Reconsideration because it believed it no longer had jurisdiction. *Id.* at 35. Instead, the trial court explained in its opinion in support of order, which it filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), that it was not aware the Cemetery may have improperly served the Commonwealth. The trial court also explained the Commonwealth's substantive issues "were never properly placed before [the trial court], nor did [the trial court] have an opportunity

3

to consider them as the proper tribunal." *Id.* at 39. Therefore, the trial court requested this Court either affirm its order or remand the case and permit the trial court to address the Commonwealth's substantive issues. *Id.* at 40.

## II. Analysis

On appeal, the Commonwealth raises the following three issues for our review: (1) whether the trial court lacked jurisdiction over the Commonwealth because the Cemetery failed to properly serve the Attorney General; (2) whether the trial court lacked subject matter jurisdiction to consider the Petition; and (3) whether the Cemetery's requested relief is barred by principles of res judicata.[3] *See* Commonwealth Br. at 6-11.

The Cemetery argues it was not required to serve the Attorney General because the Petition "sounds as an appeal" and is not original process. *See* Cemetery Br. at 2. Specifically, the Cemetery argues "it did not commence an action by way of a writ of summons or complaint in either civil action or in equity," and the "requested relief [in the Petition is] for the Court to overrule the initial determination of the Department [] and find that the transfer tax as allocated did not apply to the Cemetery." *Id.* The Cemetery also argues the trial court had subject matter jurisdiction over the Petition because it involved constitutional claims "such as the improper imposition of taxes on a religious organization in contravention of the federal and Commonwealth Constitutions." *Id.* at 5. Lastly, the Cemetery argues res judicata does not apply because there has never been a final judgment on the merits. *Id.* at 7.

---

[3] Res judicata is defined as "an issue that has been definitively settled by judicial decision." Black's Law Dictionary 1567 (11th ed. 2019).

4

A.    **Personal Jurisdiction**

We agree with the Commonwealth that the trial court lacked personal jurisdiction over the Commonwealth to enter its order granting the Petition. The Cemetery's affidavits of service show that the Cemetery did not serve the Attorney General. *See* R.R. at 7, 8. As this Court has observed:

> Such a failure is directly contrary to both statute and court rule, e.g., 42 Pa.C.S. § 8523(b) and Pa.R.C.P. 422(a), both of which direct a party serving process on any Commonwealth party to serve it as well on the Attorney General.
>
> The relevant statute reads, "[s]ervice of process in the case of an action against the Commonwealth shall be made at the principal or local office of the Commonwealth agency that is being sued *and at the office of the Attorney General*." 42 Pa.C.S. § 8523(b) (emphasis supplied).
>
> The Pennsylvania Rules of Civil Procedure are equally clear: "Service of original process upon . . . a department, board, [or] commission . . . of the Commonwealth . . . shall be made at the office of the defendant *and the office of the attorney general . . . .*" Pa. R.C.P. 422(a) (emphasis supplied).
>
> Such a failure "cannot be overlooked" and "cannot be excused," and the failure by [the a]ppellee to serve the Attorney General renders [the a]ppellee's service on [the d]epartment "defective and deprived the trial court of jurisdiction." *Reaves v. Knauer*, 979 A.2d 404, 410 (Pa. Cmwlth. 2009).

*Kreidie v. Dep't of Revenue*, 156 A.3d 380, 383-84 (Pa. Cmwlth. 2017).

The Cemetery's attempt to frame the Petition as an appeal rather than "original process" to avoid Pennsylvania Rule of Civil Procedure 422(a) ("Service of original process upon the Commonwealth . . . shall be made at the office of the defendant and the office of the attorney general") fails for several reasons. First, the Church could have filed an appeal of the Board's decision directly with this Court, but the Church did not do so. As a result, the Petition is not an appeal of the Board's

5

decision. Instead, the Petition initiated a new case against the Commonwealth in the trial court.

Second, the Pennsylvania Supreme Court has explained that the purpose of the Pennsylvania Rules of Civil Procedure governing the service of original process is to ensure that a defendant is provided notice after a new action is commenced. *See McCreesh v. City of Phila.*, 888 A.2d 664, 671 (Pa. 2005) (citing Pa.R.Civ.P. 400-430). Regardless of how the Cemetery titled its Petition, it commenced a new action against the Commonwealth. As a result, the Cemetery was obligated to serve the Petition in compliance with the Pennsylvania Rules of Civil Procedure governing service of original process.

Because the Cemetery failed to serve the Attorney General pursuant to 42 Pa.C.S. § 8523(b) and Pennsylvania Rule of Civil Procedure 422(a), the Cemetery's service was defective, and the trial court lacked personal jurisdiction over the Commonwealth. *Kreidie*, 156 A.3d at 384.

B.  **Subject Matter Jurisdiction**

We also agree with the Commonwealth that the trial court lacked subject matter jurisdiction. In its Petition, the Cemetery asserted the Department "lacked the authority to issue the tax assessment" because "the transfer is exempt from realty transfer taxes by statute." R.R. at 6. The Cemetery requested that the trial court "issue an order declaring that the subject transfer is exempt from realty transfer taxes, exonerate all back taxes owed as against the Cemetery and [void] the [assessment of transfer tax]." *Id.*

The Department, in assessing tax on this transfer, was acting pursuant to its authority in Section 1111-C of the Code,[4] 72 P.S. § 8111-C ("the [D]epartment is

---

[4]  Added by the Act of May 5, 1981, P.L. 36.

6

hereby authorized and empowered to make an assessment of additional tax and interest due . . . based upon any information within its possession or that shall come into its possession"). Section 1111-C of the Code provides that "[a]ny taxpayer against whom an assessment is made may petition the [D]epartment for a reassessment pursuant to Article XXVII [of the Code]." 72 P.S. § 8111-C(b). Under Article XXVII of the Code, a taxpayer may petition the Department's Board of Appeals for a reassessment. *See* Sections 2701-2703 of the Code, added by the Act of October 18, 2006, P.L. 1149, 72 P.S. §§ 9701-9703. The Department's Board of Appeals must then review the assessment and issue a decision. *See id*. The taxpayer may then appeal the Department's Board of Appeals' decision to the Board. *See* Sections 2704 of the Code, added by the Act of October 18, 2006, P.L. 1149, 72 P.S. § 9704. The Board then reviews the matter and issues a final adjudication, which is appealable, *de novo*, to this Court. *See* Section 2704(i) of the Code, 72 P.S. § 9704(i).

These procedures are the exclusive method for appealing the Department's assessment of realty transfer taxes. *See Myers v. Dep't of Revenue*, 423 A.2d 1101, 1103 (Pa. Cmwlth. 1980) ("Since the exclusive appeal procedure provided by the [Code] vests jurisdiction in the Boards of Appeals and Finance and Revenue with the ultimate appeal to this Court, we conclude that the initial phases of tax assessment appeals are within the exclusive jurisdiction of those Boards."); *see also Brown v. Dep't of Revenue*, (Pa. Cmwlth., No. 839 C.D. 2015, filed Dec. 23, 2015)[5] (the Code's remedies for realty transfer taxes are "mandatory and exclusive"). As a

---

[5] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, we may cite unreported panel decisions of this Court issued after January 15, 2008, for their persuasive value, but not as binding precedent. 210 Pa. Code § 69.414(a).

result, the trial court lacked subject matter jurisdiction over the Cemetery's challenges to the Department's assessment of realty transfer tax.

### III.    Conclusion

Because the trial court lacked both personal jurisdiction over the Commonwealth and subject matter jurisdiction, we vacate the trial court's December 23, 2020 order and remand this matter to the trial court to quash the Cemetery's Petition.[6]

 

_____

STACY WALLACE, Judge

---

[6]   Due to our disposition of the Commonwealth's first two issues on appeal, we need not address whether principles of res judicata may also bar the Cemetery's requested relief.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bethel Cemetery                     :
                                    :
        v.                          : No.  145 C.D. 2021
                                    :
Commonwealth of Pennsylvania,       :
                        Appellant : 


# **O R D E R**


**AND NOW**, this 5th day of September 2024, the December 23, 2020 order of the Court of Common Pleas of Allegheny County (the trial court) is **VACATED**, and this case is **REMANDED** to the trial court to quash Bethel Cemetery's Petition to Exonerate Taxes.  Jurisdiction relinquished.


_____
STACY WALLACE, Judge