IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeremy Cruz,                              :
                          Petitioner     :
                                          :
          v.                              : No. 574 M.D. 2023
                                          : Submitted: August 8, 2025
SCI-Mercer Superintendent Melinda         :
Adams, Law Library Clerk Mrs.             :
DeForest, and SCI-Mercer Principal,       :
et al.,                                   :
                         Respondents  :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                              FILED:  January 9, 2026


          Department of Corrections' (DOC) employees, State Correctional Institution
(SCI)-Mercer Superintendent Melinda Adams, Law Library Clerk Mrs. DeForest,
and SCI-Mercer Principal (collectively, DOC Respondents) have filed preliminary
objections (Preliminary Objections) to Jeremy Cruz's (Cruz) *pro se* petition for
review (Petition).[1]  In his Petition, Cruz alleges DOC Respondents hindered his

---

[1] Cruz initiated this matter by filing "PLAINTIFF'S AMENDED COMPLAINT FOR
VIOLATION OF PLAINTIFF'S UNITED STATES CONSITUTIONAL RIGHTS OF ACCESS
TO THE COURTS, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, FREEDOM
OF SPEECH AND RETALIATION" (Amended Complaint) in the Court of Common Pleas of
Mercer County (Mercer County Common Pleas), which Mercer County Common Pleas transferred
**(Footnote continued on next page…)**

ability to timely file a Post Conviction Relief Act (PCRA) petition (PCRA Petition) when it implemented safety protocols during the COVID-19 pandemic, which limited his access to SCI-Mercer's law library. In their Preliminary Objections, DOC Respondents assert: (1) Cruz failed to serve his complaint on the Office of Attorney General (OAG) before the expiration of the statute of limitations, depriving this Court of personal jurisdiction over DOC Respondents, and (2) Cruz's complaint fails to state a cause of action. Additionally, Cruz has filed a Motion to Transfer Civil Action Back to Common Pleas Court (Motion to Transfer). After review, we sustain DOC's preliminary objection based on improper service, dismiss Cruz's Petition with prejudice, and deny Cruz's Motion to Transfer.

## BACKGROUND[2]

In December 2017, a jury found Cruz guilty of Rape and related crimes in the Court of Common Pleas of Erie County (Erie County Common Pleas). On February 2, 2018, Erie County Common Pleas sentenced Cruz to an aggregate term of 14 to 28 years' imprisonment, followed by 5 years' probation. Following sentencing, Cruz appealed to the Pennsylvania Superior Court. In October 2019, the Superior Court affirmed the judgment of sentence.

---

to this Court by order dated December 15, 2023. By Order dated January 11, 2024, this Court declared it would treat Cruz's filing as a petition for review addressed to this Court's original jurisdiction. *See* January 11, 2024 Order.

[2] We derive this background from the facts alleged in Cruz's Petition, as well as the dockets of his related cases. Where, as here, Cruz expressly references his underlying criminal action in his Petition, this Court takes judicial notice of the dockets related thereto. *See Solomon v. U.S. Healthcare Sys. of Pa., Inc.*, 797 A.2d 346, 352 (Pa. Super. 2002) (A court "may take judicial notice of public documents in ruling on a preliminary objection in the nature of a demurrer.").

On January 27, 2020, Cruz filed a petition to proceed *pro se* and a petition for leave to proceed *in forma pauperis* (IFP) before Erie County Common Pleas. Erie County Common Pleas granted Cruz's motion to proceed IFP, and denied his petition to proceed *pro se*. On July 17, 2020, Cruz requested an extension of time to file a PCRA petition, which Erie County Common Pleas granted, extending Cruz's deadline to October 30, 2020. On October 13, 2020, Cruz filed another petition for extension of time to file his PCRA petition, which Erie County Common Pleas granted, extending Cruz's deadline to December 30, 2020. On December 28, 2020, Cruz again requested an extension of time to file his PCRA petition, which Erie County Common Pleas denied. Cruz filed a "Motion for Leave to reinstate Appellate Rights," which Erie County Common Pleas treated as Cruz's first PCRA petition (First PCRA Petition). Erie County Common Pleas appointed counsel to assist Cruz through the PCRA proceedings, and on August 24, 2021, Cruz filed a counseled Supplemental PCRA Petition (Second PCRA Petition).

In his Second PCRA Petition, Cruz acknowledged the First PCRA Petition was facially untimely, but noted the petition was timely under the governmental interference exception.[3] Specifically, Cruz asserted limitations in accessing SCI-Mercer's law library prevented him from filing a timely PCRA, which limitations were put in place in response to the COVID-19 pandemic. In December 2021, Erie

---

[3] The governmental interference exception refers to 42 Pa.C.S. § 9545(b)(1)(i), which provides:

> Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petition proves that: the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

42 Pa.C.S. § 9545(b)(1)(i).

County Common Pleas denied Cruz relief, concluding Cruz failed to plead and prove the governmental interference exception. Cruz appealed to the Pennsylvania Superior Court.

In its decision, the Superior Court noted the First PCRA Petition was facially untimely as Cruz filed it on January 19, 2021, more than 15 months after his judgment of sentence became final. The Superior Court explained:

> All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).
>
> On appeal, [Cruz] essentially argues that his failure to timely file the instant petition was the result of government interference, Section 9545(b)(1)(i), and that the PCRA court erred in not recognizing that he met that exception. We disagree.
>
> To establish the governmental interference exception, a petitioner must plead and prove (1) the failure to previously raise the claim was the result of interference by government officials and (2) the petitioner could not have obtained the information earlier with the exercise of due diligence. *See Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008). In other words, a petitioner is required to show that due to the interference of a government actor "he could not have filed his claim earlier." [*Commonwealth v.*] *Stokes*, 959 A.2d [306, 310 (Pa. 2008)].
>
> The PCRA court addressed [Cruz's] claim as follows:
>
>> [Cruz] does not explain how any alleged limited access to the prison law library during [COVID]-19 inhibited his ability to file a timely PCRA. This is so, particularly where form PCRAs are readily available to petitioners; where no research is required to complete the form PCRA, sign it, and deliver it to authorities for mailing; and where the [c]ourts are given latitude in deeming even non-conventional filings after judgments of sentence become final as PCRAs.

Trial Court's Notice of Intent to Dismiss PCRA Pursuant to Pa.R.Crim. 907, 10/19/21, at 6.

Accordingly, the PCRA court concluded that [Cruz] failed to plead and prove the applicability of the governmental exception.

We agree with the PCRA court's analysis and conclusions. Indeed, [Cruz] generally alleges that the COVID-19 restrictions implemented by [DOC] impeded the timely filing of the instant petition, providing, however, not much, if any, evidence of it.

First, [Cruz] does not explain what prevented him from accessing the law library from October 7, 2019 (date when judgment became final for PCRA purposes) through the beginning of March/beginning of April 2020 when the COVID-19 protocols were put in place. [Cruz] would have had more than five months to work on his PCRA petition before the restrictions were put in place.

Second, even by his own representations, any restrictions in accessing the law library were limited in time, and certainly did not prevent him from timely filing his PCRA petition. To this end, the PCRA court noted:

> In the motion [for extension of time to file his first PCRA petition] filed on July 17, 2020, [Cruz] advise[d] he had law library access forty-five (45) minutes per week. In the motion filed on October 13, 2020, he references a quarantine lockdown of approximately two and one half weeks commencing September 1, 2020. According to [Cruz]'s timeline, the next "shutdown" of the prison/law library did not occur until sometime in mid-November, after the one-year timeliness deadline expired on October 7, 2020.

Trial Court's Notice of Intent to Dismiss PCRA Pursuant to Pa.R.Crim. 907, 10/19/21, at 5.

Finally, and equally importantly, it should be noted that [Cruz] did not argue that "any of the conditions of his incarceration were illegal, as required to meet the governmental interference exception to PCRA's timeliness requirement. *See* 42 Pa.C.S.[] § 9545(b)(1)(i) (governmental interference must violate United States or Pennsylvania Constitution or laws)." *Commonwealth v. Rizvi*, 166 A.3d 344 (Pa. Super. 2017)

5

(holding restrictions on access to prison resources does not qualify a petition for the governmental interference exception).

*Commonwealth v. Cruz*, (Pa. Super., No. 1478 WDA 2021, filed December 15, 2022), slip op. at 2-3. Accordingly, the Pennsylvania Superior Court affirmed Erie County Common Pleas's denial of PCRA relief.

Meanwhile, after Erie County Common Pleas denied his Second PCRA Petition, Cruz initiated this civil action by filing a *praecipe* for writ of summons against DOC Respondents on May 26, 2022, in Mercer County Common Pleas. On June 21, 2022, the sheriff served the writ of summons on the DOC employees. On April 3, 2023, Cruz filed his complaint (Initial Complaint) against DOC Respondents in Mercer County Common Pleas. On May 30, 2023, Cruz filed an amended complaint, herein referred to as his Petition, in Mercer County Common Pleas.

In his Petition, Cruz alleges SCI-Mercer correctional employees hindered his ability to timely submit his PCRA petition during the COVID-19 pandemic. Specifically, Cruz asserts during the COVID-19 pandemic, DOC Respondents restricted access to SCI-Mercer's law library. Cruz's Petition avers the following relevant facts:

> 12.) In September 2019, after filing his direct appeal with the courts, the Superior Court affirmed Cruz's conviction, which activated his time allotted to file his PCRA which in most criminal matters is one of the most important stage[s] of a defendant's appeal.
>
> 13.) In early 2020, the entire world was hit hard by the Covid-19 pandemic . . . which caused a chain reaction within our Nation which included but not limited to the closing of a high number of businesses, also limited the physical access to the courts by utilizing the Zoom Meeting to conduct daily business, etc . . .

6

14.) By March 2020, Mercer was placed on a total and complete lockdown and all inmates were advised that the DOC are brain storming plans that would permit limited out-of-cell activities and access to mandated treatment programs, religious services and physical access to the law library.

. . . .

19.) Cruz notified [DOC] that he was on a deadline and needed emergency access to the facility law library, but was advised that they are working on a solution, and that all the courts knew of the urge to file deadlines on time, and that they are providing extensions to all deadlines.

20.) Shortly thereafter, the princip[al] through Adams sent out a memo directed to all inmates with Mercer advising the inmates that they may submit a "inmate Request to Staff Member" form with any case law that the inmate needs printed and the "non-legal" staff working within the law library would print out the requested case law and send that information to the inmate and charge the inmate ten (10) cents per page/copy.

21.) Cruz was attempting to gain access to the institutional law library, but was denied every single time and Cruz was told that the library was closed but to submit a request with the case needed.

. . . .

29.) On December 11, 2020, Cruz submitted a request to staff and requested a specific subjects of law he needed, but when Cruz received the legal material, he was told by Mrs. DeForest to pay $2.20 for legal copies, but when Cruz reviewed the actual legal material, the case law that was NOT requested, because Cruz never requested a copy of an entire chapter out of a book.

30.) Cruz refused to pay, but kept the legal material as evidence of lack of assistance provided to inmate by non-legal aids (defendants).

Cruz's Petition, at 8-9.  In his Petition, Cruz requests the following relief:

55.) Cruz request[s] that he be awarded $250,000.00 in punitive damages for the violations caused against Cruz.

56.) Cruz request[s] that he be awarded $100,000.00 for the amount of emotional stressed caused to Cruz by the [DOC's] acts and abandoning Cruz at a critical stage of Cruz's criminal litigation.

57.) Cruz request[s] that an order be entered directing that the DOC and/or defendant Adams, draft a[n] apology letter and an expl[a]nation to the court admitting that Mercer interfered with Cruz's ability to file his PCRA and request that the courts reconsider Cruz's PCRA.

Cruz's Petition, at 13-14.

On June 9, 2023, Cruz filed a *praecipe* to reissue his Petition. Again, on July 31, 2023, Cruz filed another *praecipe* to reissue his Petition. The sheriff served the OAG on August 11, 2023.

On September 26, 2023, DOC Respondents filed Preliminary Objections, arguing Cruz's claims are barred by the applicable statute of limitations, and the Petition failed to state any legal grounds upon which Cruz may be granted related relief (demurrer). On October 16, 2023, Cruz filed his answer opposing the Preliminary Objections. By order dated December 15, 2023, Mercer County Common Pleas transferred the matter to this Court pursuant to 42 Pa.C.S. § 5103.[4]

---

[4] Under 42 Pa.C.S. 5103(a),

> If an appeal or other matter is taken to or brought in a court . . . of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court . . . shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee

**(Footnote continued on next page…)**

On January 11, 2024, this Court directed DOC Respondents to file their brief supporting the Preliminary Objections by February 12, 2024, and Cruz to file his brief opposing the Preliminary Objections by March 13, 2024. On January 17, 2024, Cruz filed his Motion to Transfer requesting this Court transfer the case back to Mercer County Common Pleas "due to the Commonwealth [C]ourt lacking personal jurisdiction over this matter." Motion to Transfer, 1/22/2024, at 1. By order dated February 13, 2024, this Court directed it would address the Motion to Transfer with the Preliminary Objections. DOC Respondents filed their brief on January 26, 2024, and Cruz filed his brief on March 6, 2024. The Preliminary Objections are now ready for disposition.

## DISCUSSION

Initially, we address DOC Respondents' preliminary objection asserting this Court lacks personal jurisdiction over DOC Respondents because Cruz failed to properly serve the OAG before the expiration of the statute of limitations. DOC Respondents' Br. at 5. According to DOC Respondents, Cruz commenced this action on May 26, 2022, but inexplicably did not serve the OAG at any time before the statute of limitations ran on January 7, 2023. *Id*. at 8. In response, Cruz asserts he "successfully served all the named defendant[s] with the original process" on or about June 21, 2022. Cruz's Br. at 2. Cruz states he "did in fact serve the defendant[s] directly by way of service via sheriff's office within the statute of limitation[s]." *Id*. However, in his brief, Cruz acknowledges he did not serve the

---

court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

42 Pa.C.S. § 5103(a).

OAG until August 16, 2023, after he "did some research . . . [and] realized that he had to serve the [OAG] as well as the named defendant[s]." Cruz's Br. at 2.

Under Pennsylvania Rule of Civil Procedure (Rule) 1028(a)(1), a party may file preliminary objections on the grounds of lack of personal jurisdiction or improper form or service of process. Pa.R.Civ.P. 1028(a)(1). Before a court may address a legal action, it must possess both subject-matter jurisdiction and personal jurisdiction over a defendant. *Fraisar v. Gillis*, 892 A.2d 74, 77 (Pa. Cmwlth. 2006) (citation omitted). Relevant to this matter, "[p]roper service is a prerequisite to a court acquiring personal jurisdiction over a defendant." *Id*. (citation omitted). Importantly, "without valid service, a court lacks personal jurisdiction of a defendant and is powerless to enter judgment against him or her[.]" *Ferraro v. Patterson-Erie Corp.*, 313 A.3d 987, 999 (Pa. 2024) (quotation omitted). Therefore, "[p]rocedural rules relating to service of process must be strictly followed because jurisdiction of the person of the defendant cannot be obtained unless proper service is made." *Miller v. Klink*, 871 A.2d 331, 334 (Pa. Cmwlth. 2005) (quotation omitted).

Turning to our procedural rules, under Rule 1007, a plaintiff may commence an action by filing either a *praecipe* for a writ of summons or a complaint. Rule 401(a) requires a plaintiff to serve a defendant with original process within 30 days after the issuance of a writ or the filing of a complaint. Pa.R.Civ.P. 401(a). Where the defendant is a Commonwealth party, we must determine whether there was service upon the OAG. A Commonwealth party is "[a] Commonwealth agency and any employee thereof, but only with respect to an act within the scope of his office or employment." 42 Pa.C.S. § 8501. Under Section 8523 of the Judicial Code, in any action against the Commonwealth, service must be made on the OAG. 42 Pa.C.S. § 8523. Pertinently, original process upon an employee of the DOC

"shall be served within the Commonwealth only by the sheriff" and "made at the office of the defendant and the [OAG] by handing a copy to the person in charge thereof." Pa.R.Civ.P. 400(a), 422(a). In *Kreidie v. Department of Revenue*, 156 A.3d 380, 383-84 (Pa. Cmwlth. 2017), this Court explained the failure to serve the OAG when the defendant is a Commonwealth party "cannot be overlooked and cannot be excused." (citation omitted). A failure to serve the OAG renders service on the Commonwealth party "defective and deprive[s] the . . . court of jurisdiction." *Id*. (citation omitted).

Where a plaintiff fails to effectuate service within the requisite time period, he can *praecipe* for reissuance of the writ or reinstatement of the complaint. Pa.R.Civ.P. 401(b)(1). Rule 401(b)(2) provides, a "writ may be reissued or a complaint reinstated at any time and any number of times." Pa.R.Civ.P. 401(b)(2). Thus, although Rule 401(a) "requires service within thirty days, the suit is not dead merely because the complaint was not served within thirty days of filing." *Edmond v. Se. Pa. Transp. Auth.*, 651 A.2d 645, 647 (Pa. Cmwlth. 1994). "All that is required to extend the time for service is to reinstate the complaint before service is again attempted." *Id*. Therefore, while a complaint may be reinstated at any time and any number of times, it must be served within 30 days of the reinstatement. *See* Pa.R.Civ.P. 401(b)(2),

Where a plaintiff fails to make a good faith effort to serve original process, "an action which was otherwise timely commenced by filing a *praecipe* for a writ of summons within the statutory period will be deemed untimely and barred by the statute of limitations." *Miller*, 871 A.2d at 335 (citation omitted). It is the plaintiff's burden to establish he made a good faith effort to serve original process on the defendants. *Id*. at 336. "A plaintiff need not intentionally delay notifying a

11

defendant of a lawsuit in order for a court to find a lack of good faith; rather, simple neglect or mistake can support such a finding." *Id.* In *McCreesh v. City of Philadelphia*, 888 A.2d 664, 666 (Pa. 2005), the Pennsylvania Supreme Court addressed the issue of "what constitutes a good faith effort by a plaintiff to effectuate notice to a defendant of the commencement of an action." Expanding on *Lamp v. Heyman*, 366 A.2d 882, 889 (Pa. 1976), wherein the Supreme Court held "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion," the *McCreesh* court adopted "a more flexible approach, excusing plaintiff's initial procedurally defective service where the defendant has actual notice of the commencement of litigation and is not otherwise prejudiced." *McCreesh*, 888 A.2d at 666 (citations omitted).

Regarding the statute of limitations, under 42 Pa.C.S. § 5524(7), an "action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or tortious conduct" must be commenced within two years. Under 42 Pa.C.S. § 5502, the "time within which a matter must be commenced . . . shall be computed . . . from the time the cause of action accrued, the criminal offense was committed or the right of appeal arose." The test of when a cause of action accrues "is to establish the time when the plaintiff could have first maintained the action to a successful conclusion." *Saft v. Upper Dublin Twp.*, 636 A.2d 284, 286 (Pa. Cmwlth. 1993).

Here, we agree with DOC Respondents that Cruz's action accrued on January 7, 2021, when Erie County Common Pleas denied his petition requesting an extension of time to file his PCRA petition. Accordingly, Cruz had two years from January 7, 2021, or until January 7, 2023, to commence this action. Additionally,

12

DOC Respondents, being employees of DOC, are Commonwealth parties. Although Cruz asserts he properly served the DOC Respondents on June 22, 2022, with original process, *see* Cruz's Br. at 1-2, any service on a Commonwealth party is not effective until the OAG receives proper service. *See Kreidie*, 156 A.3d at 384. The OAG received service on August 16, 2023, approximately seven months after the statute of limitations expired. Regarding his service of the OAG, Cruz explains:

> [O]n May 26, 2022, [Cruz] filed for . . . this instant matter and on or about June 21, 2022, [Cruz] successfully served all the named [DOC Respondents] with the original process, (writ of summons). On April 3, 2023, [Cruz] submitted his complaint and the [DOC Respondents] submitted their Preliminary Objections on April 28, 2023. After [Cruz] did some research[, Cruz] realized that he had to serve the [OAG] as well as the named defendant[]s per Pa P.C.P.[*sic*]. So[,] on August 16, 2023, [Cruz] served the Amended Complaint to the [OAG] and on September 12, 2023, [Cruz] served the original Writ of Summons to the [OAG].

Cruz's Br. at 1-2.

While it appears Cruz did not intentionally delay service of process on the OAG, it is also clear Cruz neglected to keep the legal machinery in motion with respect to notifying the OAG of the action. Cruz made no attempt to serve the OAG during the time period between May 2022, when he initially filed this action, and August 2023. Although Cruz asserts he only "realized" he needed to serve the OAG after "doing some research," and while we acknowledge Cruz's *pro se* status, this Court must remain neutral and cannot act as the attorney for *pro se* litigants or deem a litigant's suit in compliance with the rules of civil procedure when it otherwise would not be. *Fraisar v. Gillis*, 892 A.2d 74, 76-77 (Pa. Cmwlth. 2006). The burden to comply with all procedural rules lies with the plaintiff who chose to initiate the suit, *pro se*. *Id*. Given these circumstances, we cannot conclude Cruz made a good-

13

faith effort to diligently and timely serve process on the OAG. Accordingly, this Court lacks personal jurisdiction over DOC Respondents.

## CONCLUSION

Because this Court lacks personal jurisdiction over DOC Respondents, we sustain DOC Respondents' preliminary objection based on improper service and dismiss Cruz's Petition with prejudice.[5] Moreover, because Mercer County Common Pleas properly transferred this matter to this Court pursuant to 42 Pa.C.S. 5103(a), Cruz's Motion to Transfer is denied.

_____
STACY WALLACE, Judge

---

[5] Given our disposition, we will not address DOC Respondents' demurrer.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeremy Cruz, :
                Petitioner :
 :
     v. : No. 574 M.D. 2023
 :
SCI-Mercer Superintendent Melinda :
Adams, Law Library Clerk Mrs. :
DeForest, and SCI-Mercer Principal, :
et al., :
             Respondents :

# **O R D E R**

**AND NOW**, this 9th day of January 2026, SCI-Mercer Superintendent Melinda Adams, Law Library Clerk Mrs. DeForest, and SCI-Mercer Principal, et al.'s preliminary objection for improper service is **SUSTAINED** and Jeremy Cruz's petition for review is **DISMISSED** with prejudice. Furthermore, Jeremy Cruz's Motion to Transfer Civil Action Back to Common Pleas Court is **DENIED**.

_____
STACY WALLACE, Judge